## HIRAM PADFIELD

### *v.*

## BENJAMIN GREEN.

1. AGENCY—*power of agent over note for collection.* The delivery of a note to an agent for collection, will authorize the holder to receive payment when due, and to deliver the note to the maker on payment, but it does not authorize the agent to commute the debt for another thing, or to release it upon composition, or to pledge it, or to obtain judgment for his own use.

2. ASSIGNEE *of judgment—rights of owner, in equity.* The assignee of a judgment occupies no more favored position than that of the assignor.

3. Where an agent for collection merely, sues upon the note entrusted to him, and obtains judgment for his own use, and assigns such judgment for value, the nominal plaintiff, having no knowledge of the facts until after the assignment, and having done no act to create an estoppel, may enjoin the payment of the judgment to the assignee, and have the assignment set aside in equity.

WRIT OF ERROR to the Circuit Court of Perry county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. C. W. & E. L. THOMAS, for the plaintiff in error.

Messrs. HAMMACK & DAVIS, for the defendant in error.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

Green, who resided in St. Clair county, held the promissory note of Elliott, who resided in Perry county, for $200. The note was dated February 10, 1866, and was payable to Green eight months after date, and bore interest at the rate of ten per cent per annum from date.

Smart was doing business in St. Clair county, as agent of the Commercial Life Insurance Company, and applied to Green

to have him take out a policy on his life. Green at first declined, on the ground that he did not have the money to pay the premium; but, finally, it was agreed between Green and Smart that Green should apply for a policy of $5000; that Smart should take the Elliott note, and collect the amount due on it without cost to Green, and when collected, if the policy should be issued, Smart was to retain the amount of the premium on the policy, $187, out of the proceeds, and pay the balance to Green. Accordingly, Green applied for the policy, and delivered the note to Smart, without indorsement. Smart sued on the note in the name of Green, for his use, without the knowledge of Green, in the Perry county court, and obtained judgment. Subsequently, being indebted to Padfield for board, Smart, without the knowledge or consent of Green, assigned the judgment to Padfield. No policy of insurance was issued to Green on his application, and Smart has fled the country.

On learning that Smart had obtained the judgment, as for his use, and assigned it to Padfield, Green filed his bill enjoining payment of the judgment to Padfield.

The decree of the court below was in conformity with the prayer of the bill, and Padfield brings the case here by writ of error.

The only question is, whether Green is estopped to deny that the judgment was, in fact, for Smart's use, for, if he is not, it is too plain to admit of argument, the decree is right. The mere fact of delivering a note, unindorsed, for collection, can not be held to be such negligence as must preclude the right to control the judgment, for this is of daily practice by the most careful business men. It, undoubtedly, authorized the holder to receive payment of the note, when due, in money, and to deliver it to the maker; but it did not authorize him to commute the debt for another thing, or to release it upon composition, or to pledge it. Story on Agency, § 99.

As an agent for collection merely, Smart had no implied authority to sue for his own use; and Padfield, in dealing with

him, in the absence of elements working an estoppel, was bound, at his peril, to know the extent of his authority.

Under previous decisions of this court, the assignee of a judgment occupies no more favored position than that of the assignor. *McJilton* v. *Love*, 13 Ill. 495; *Hughes* v. *Trahern, Admx.* 64 id. 48. And, on that principle, it is impossible that Padfield could have obtained by assignment, an equity which Smart never had to assign.

It does not appear that Green had actual knowledge that the record showed a judgment for Smart's use before Padfield obtained the assignment, or that Padfield was otherwise influenced in his transactions with Smart, by the declarations or conduct of Green, in respect to the judgment, whereby he should be held estopped.

The decree is affirmed.

*Decree affirmed.*