# East St. Louis Connecting Railway Company v. John F. O'Hara.

1. MASTER AND SERVANT—*Hazards of the Service.*—A yard clerk, whose duty it is to take the number of the cars delivered to his employer, with instructions to keep out of the way of the switch crew employed to do the switching in the same yard, takes the hazard of the switch crew's negligence as one of the risks of his employment.

**Trespass on the Case,** for personal injuries. Appeal from the City Court of East St. Louis, the Hon. B. H. CANBY, Judge, presiding. Heard in this court at the February term, 1895. Reversed. Opinion filed July 1, 1895.

CHARLES W. THOMAS, attorney for appellant.

WM. P. LAUNTZ and JESSE M. FREELS, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment of $1,300 for the loss of the first joint of his right thumb, while performing his duty as night yard clerk for the appellant. The appellant, as its name indicates, handled the cars of some fifteen different railroads connecting with it, that were destined to or had crossed the Mississippi river on transfer boats at East St. Louis. The duty of appellee was to take the numbers and seals of the cars so delivered to appellant's connecting railway, note the time of receipt and delivery thereof, make record of same and report to the agent in general charge of the yard. About eight o'clock on the night of June 5, 1894, while the appellee was in the performance of this duty, having climbed up between two cars for the purpose of getting the number and seal on an end door, the switch engine operating in the yard, moved against the string of cars on which appellee was at work, jarred them so that he fell, and in falling he caught the coupling or deadwood with his right hand in such a way that when the cars came together

on the rebound, the first joint of the right thumb was mashed.

The switching crew and appellee worked in the same yard and had to do with the same cars. That is, when cars were brought over on the ferry or to be there delivered, the appellee's duty was to take the number and seal of each car, note the time received and the time when delivered by the switch crew.

Frequently appellee rode with the crew to see the cars were delivered to the right connection.

While appellee does not seem to have had any control over the switch crew, he had to report on the work they did. His work took him to all parts of the yard, as also did that of the switch crew, at any time. There was no particular work that was to be done at any particular time in the yard, other than that the boat made the trip across the river every hour and the engine was required to take care of the cars it delivered. The course of business was such that the crew did not wait on the action of appellee or take note of what he was doing or how situated. His work was to be done without interfering with that of the crew. He was evidently to keep out of their way. There is no evidence showing negligence on the part of the switch crew, other than a failure to ring the bell as required by an ordinance of the city of East St. Louis.

Query: Does such an ordinance apply to the facts in this case ? Was it intended as a regulation regarding the operation of the engine, as between the employes actually engaged at work in the yard, or merely as affecting the public?

It is not deemed necessary in this case to decide that question. If such failure was negligence, it was one of the hazards of the service. The relation between the crew and appellee was such that he knew the negligence of the crew might at any time imperil his limbs. He took the hazard of such failure when he entered the service. In the language of Clark v. C., B. & Q. R. R. Co., 92 Ill. 43, plaintiff " was not injured by any cause outside of the ordinary perils of the service in which he was engaged."

The appellee and the switch crew, while they had different functions, yet " were engaged in the same general department, to wit, the doing of the needed work upon the depot grounds for the purpose of dispatching the various trains." Under the circumstances, we are unable to hold there is a liability. C. & A. R. R. Co. v. Murphy, 53 Ill. 338.

In the case cited, where the facts were much like the case in hand, the court held the servants were fellow-servants, although having different functions. In this case we do not deem it necessary to determine that question, for under the facts, it is held the appellee was to do his work during the same time and at the same place the switch crew were to do their work, and was to keep out of the way. He therefore took the hazard of their negligence, which was one of the incidents of such service. Clark v. Wabash R. R. Co., 52 Ill. App. 112; see C., B. & Q. R. R. Co. v. Eggman, Adm'r, case taken same term as the one in hand. The judgment is reversed without remanding.