# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—OCTOBER TERM, 1899.

### Edward M. Cummings v. Chicago & N. W. Ry. Co.

1. EMPLOYER AND EMPLOYE—*Hazards of a Dangerous Employment.*—An employe who accepts and continues in an employment which is dangerous, with full knowledge of its hazards, must be presumed to have contracted with reference to such hazards and to have taken the responsibility upon himself.

2. PRACTICE—*When a Verdict Will be Directed for the Defendant.*—The general rule forbids a trial court to weigh the evidence or pass upon the credibility of witnesses, but if the evidence given at the trial, together with all the inferences properly deducible therefrom favorable to the plaintiff, is so insufficient to support a verdict for him that if one should be returned it must for that reason be set aside, the sanctioned practice is to direct a verdict for the defendant.

3. CORPORATIONS—*Care to be Exercised in Furnishing a Physician for Injured Employes.*—The rule in respect to the duty of a corporation that furnishes to an injured employe a surgeon or physician to care for and treat him for his injuries, requires only that reasonable care shall be exercised in the selection of such surgeon or physician.

4. SAME—*Care and Skill Required of a Physician Furnished to Injured Employes.*—In cases where a physician or surgeon is furnished by a corporation to an injured employe, all that can be reasonably required is that the physician or surgeon selected shall possess that degree of skill and knowledge ordinarily possessed by members of that profession.

Action in Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed May 15, 1900.

OTTO GRESHAM, attorney for appellant.

Although a railway company is under no obligation to provide medical attendance for persons injured in its service, yet this would be a reasonable thing to do. T., W. & W. Ry. Co. v. Prince, 50 Ill. 26.

While a railroad company is under no legal obligation to furnish an employe who may receive injuries while in the service of the company with medical attendance, yet, where a day laborer has, by an unforseen accident, been rendered helpless while laboring to advance the prosperity and success of the company, honesty and fair dealing would seem to demand that it should furnish medical assistance. Cairo & St. Louis R. R. Co. v. Mahoney, 82 Ill. 73.

A railroad company is liable for the malpractice of a surgeon in treating one of its injured employes, although that surgeon is paid exclusively by contributions collected from employes of the railroad company. Wabash R. R. Co. v. Kelley, 52 N. E. Rep. 152; 153 Ind. 119.

A. W. PULVER, attorney for appellee; E. E. OSBORN and. LLOYD W. BOWERS, of counsel.

All the evidence shows that the plaintiff clearly assumed the risks of the methods of the work in which he was engaged when injured. East St. Louis Connecting Ry. Co. v. O'Hara, 59 Ill. App. 649; C., B. & Q. Ry. Co. v. Eggman, Admr., 59 Ill. App. 680; C. & N. W. Ry. v. Donahue, 75 Ill. 106; Kelly, Admr., v. C., M. & St. P. Ry. Co., 53 Wis. 79; Abbott v. McCadden, 81 Wis. 563; Bengtson v. C., St. P., M. & O. Ry. Co., 47 Minn. 486; Tobin v. Friedman Mfg. Co., 67 Ill. App. 149; Swift & Co. v. Fue, 66 Ill. App. 651.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This suit was brought by the appellant to recover damages for injuries sustained by him by being thrown from the top of a freight car in the "yard" of appellee. At the close of all the evidence the trial court, upon the motion of appellee, directed a verdict of not guilty, and judgment being entered accordingly the case is brought here for review.

The "yard" in which the accident happened was an extensive one—said to contain upward of seventy tracks and to be about three-quarters of a mile long—and six to eight engines were constantly at work in it, making up trains.

Appellant had for a long time worked for appellee in the yard. He was known as a yard clerk, and his duties were to mark cars coming from the west at night, so as to indicate the tracks to which they were to be transferred, and also to take the record of the seals of such cars as were sealed.

On the night in question two important cars, one loaded with green fruit and the other with silk, bound for New York, arrived in the yard and needed to be switched immediately and attached to an appropriate out-bound train.

Fruit cars, and perhaps all refrigerator cars, have trap-doors on top, as well as side doors, and to take the record of the seals of them it was necessary to go on top. While appellant was on top, in the act of taking the seal numbers of the fruit car, the switch engine moved the train to which the car was attached, suddenly and without warning to appellant, whereby he was thrown to the ground, receiving the injuries complained of.

The cause went to trial upon three counts of the declaration. The negligence charged by the first two counts had for its basis substantially the same statement of facts, and differed only in the allegation, in the first one of negligence generally, and in the second of gross and willful negligence. The third count charged negligence by the appellee in the care and treatment of appellant by the physicians and surgeons furnished by the appellee to attend upon and minister to appellant for the injuries sustained by him.

The case as made under the first two counts may be considered together.

There is not much that is material to add to the cause of the accident or the circumstances under which it occurred. Appellant was doing only that which he had been accustomed to perform and which the terms of his employment required him to do.

The "yard" was a busy place, many hundreds of cars needed to be transferred every day, and at times great expedition was required in the doing of appellant's particular work. It was proved, substantially beyond controversy, that the trains to be broken up and the cars to be switched did not stand still and wait for the work appellant was engaged in doing to be done, but that his duty required him to follow the cars wherever in the yard they might be moved to. And the decided weight of the evidence establishes that it was not the custom of the yard to give warning or notice to the yard clerks of the movement of trains or cars upon which they might be engaged in taking the seal numbers or otherwise performing their work. There can be no question that appellant, from his long experience as yard clerk—about twelve years—thoroughly knew and understood the custom of the yard and all its hazards.

But it is urged by appellant that there being, as he contends, some evidence tending to show a custom of the yard not to move trains or cars without notice to the seal taker if he be engaged in his duty on top of a car, and tending to show negligence generally and willfully, the case should have been submitted to the jury, that the court was not at liberty to weigh the evidence.

Undoubtedly the general rule forbids a trial court to weigh the evidence or pass upon the credibility of witnesses, but if the evidence given at the trial, together with all inferences properly deducible therefrom favorable to the plaintiff, is so insufficient to support a verdict for the plaintiff, that if one should be returned it must for that reason be set aside, the sanctioned practice is to direct a verdict for the defendant. Boyle v. Illinois Central R. R. Company, 88 Ill. App. 255, and Kinnare v. Klein, 88 Ill. App. 304, both filed at this term, where a large number of cases are collected.

As applied to the first and second counts the testimony that it was the custom of the yard to switch and move trains and cars without giving previous warning or notice

to the yard clerks who might be engaged in taking seal numbers of the cars, is so overwhelming that if the cause had been submitted to the jury and they had found the appellee guilty in such respect, it would have been the plain duty of the trial court to have set aside the verdict and grant a new trial, and if in neglect of such duty by the trial court the cause had come to this court upon appeal by the defendant, it would have been a like plain duty for us to reverse a judgment based upon such a verdict.

Such custom of the yard was well known to the appellant, and all its hazards were thoroughly understood by him. The custom with its possible consequences may deserve condemnation, but there is a well settled rule of law that one who accepts and continues in an employment that is dangerous, with full knowledge of the hazards of the place, must be presumed to have contracted with reference to them and to have taken the responsibility upon himself. This rule is so well established by numerous authorities and so well known to the profession that we will cite only East St. Louis, etc., Ry. Co. v. O'Hara, 59 Ill. App. 649, a case very similar to this one in its facts.

As to the third count, which charges negligence by appellee's physicians in their care and treatment of appellant's injuries, we do not regard it to be necessary to particularly set forth the evidence in its support. The rule in respect of the duty of a corporation that furnishes to an injured employe a surgeon or physician to care for and treat his injuries, requires only that reasonable care should be exercised in the selection of the surgeon or physician.

All that can be reasonably required is that the physician or surgeon selected shall possess that degree of skill and knowledge ordinarily possessed by members of that profession. It must be a prudent selection, made with reasonable care, but it would be manifestly unreasonable to make the corporation responsible if the surgeon or physician erred in judgment and made a mistake in treatment. The responsibility extends no further than to require reasonable care in the selection of the surgeon or physician. The method of

treatment and the administering of remedies must, in the very nature of the case, be left to the persons who, because of their skill and knowledge, have been selected with reasonable care to perform such duties.

There are, we believe, no cases that hold a contrary doctrine. There is no evidence in the record that in the slightest degree attacks or affects the general competency, skill and knowledge of the physicians who treated appellant, unless that it may be found in the mere fact that the treatment that was given him did not result as favorably as some other treatment might have. But that was, at the most, a mistake or error in judgment for which appellee is not liable.

It is urged in the brief for appellant that at the time of the accident he was not acting in the usual line of his employment, but was acting in obedience to express orders of a superior officer in a case of emergency. The only emergency of which we discover any evidence, was the arrival of the two cars which needed to be handled with dispatch in order to proceed on their journey eastward. Just such emergencies, if they may be so called, were an every day occurrence, and we see no force to the attempted taking of appellant's duty concerning them or either of them, out of the scope of his usual and daily duties, and his assumption of risk in the performance of them.

The complaint that certain evidence offered by the appellant was excluded, has been carefully considered with reference to what the offered evidence might tend to prove, but we do not think there was any material error in respect of it. There was no error in sustaining the special demurrer to plaintiff's fourth count. It was clearly bad for duplicity.

The case, as a whole, seems to have been fairly heard and determined.

The request of appellee that the costs of the supplemental abstract be taxed against appellant will be denied, and the judgment of the Superior Court will be affirmed.