Brezinski v. Swift & Co.

Reversed and remanded.

---

### Edward Brezinski v. Swift & Company.

|  |  |
|---|---|
| 91 | 537 |
| 100 | ²183 |
| 91 | 537 |
| 101 | ²473 |

1.  PRACTICE—*Motions to Take a Case from the Jury.*—A motion to take a case from the jury does not involve a determination of the weight of the evidence, or the credibility of the witnesses.

2.  SAME—*When a Motion to Take a Case from the Jury Must be Overruled.*—Where there is evidence tending to support the plaintiff's case which, if taken alone, is such that a jury may reasonably base a verdict upon it, the motion to take the case from the jury must be overruled and the case submitted.

Trespass on the Case, for personal injuries.   Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding.

Heard in this court at the March term, 1900.   Reversed and remanded.
Opinion filed October 29, 1900.

LEONARD GOODWIN, attorney for appellant; WERTHEIMER,
GOODWIN & THATCHER and E. R. WOODLE, of counsel.

O. W. DYNES, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee,
rendered in an action on the case by appellant against
appellee for alleged negligence.

The plaintiff, a boy about fifteen years of age, was
employed by the defendant to work at a casing machine.
His duty seems to have been to feed the entrails of slaugh-
tered animals, after they were cleaned, into and between two
revolving rollers connected with the machine, for the pur-
pose of squeezing the water and moisture from the entrails.
While feeding the entrails into the rollers the plaintiff's fin-
gers were caught between them, and the first three fingers of
his right hand had to be amputated.   At the close of all the
evidence, the court, on motion of the defendant's attorney,
instructed the jury to find the defendant not guilty.   The
giving of this instruction is assigned as error.   In passing
on the question whether the court erred in taking the case
from the jury, we are limited by the decisions of the
Supreme Court to the inquiry whether there is in the
record evidence fairly tending to support the plaintiff's case.
We can not weigh the evidence *pro* and *con* and inquire or
decide on which side is the greater weight of the evidence.
In Frazer v. Howe, 106 Ill. 563, 574, the court, commenting
on a motion to take a case from the jury, say:

"It is not within the province of the judge, on such a
motion, to weigh the evidence and ascertain where the pre-
ponderance is.   This function is limited strictly to deter-
mining whether there is or is not evidence legally tending
to prove the fact affirmed, *i. e.*, evidence from which, if
credited, it may reasonably be inferred, in legal contempla-
tion, the fact affirmed exists, laying entirely out of view
the effect of all modifying or countervailing evidence."

In Offutt v. Columbian Exposition, 175 Ill. 472, the court say of such a motion:

" The motion does not involve a determination of the weight of the evidence, nor the credibility of the witnesses," citing prior cases.

In Pullman Palace Car Co. v. Laack, 143 Ill. 242, the company, at the close of the plaintiff's case, moved the trial court to take the case from the jury, and renewed the motion at the close of all the evidence, which motions the trial court overruled, and the ruling was assigned as error. The court say:

" It is immaterial upon which side the evidence is introduced; if there is evidence which fairly tends to support the plaintiff's case it must be submitted to the jury. If, therefore, there was any evidence tending to sustain the issues in plaintiff's behalf, the error is not well assigned in this court." Ib. 252. See, also, Bartelott v. International Bank, 119 Ill. 259, 271; Cicero St. Ry. Co. v. Meixner, 160 Ill. 320; Wenona Coal Co. v. Holmquist, 152 Ill. 581; Siddall v. Jansen, 168 Ill. 43.

We do not understand that a mere scintilla of evidence is sufficient to require the submission of a case to the jury. There may be some evidence tending to support the plaintiff's case, but of too inconclusive and unsubstantial a character to be the foundation of a verdict, and in such case, the court may direct a verdict. Offutt v. Columbian Exposition, *supra.*

But if there is evidence tending to support the plaintiff's case which, taken alone, is such that a jury may reasonably base a verdict for the plaintiff on it, the case must be submitted to the jury. Was there such evidence in the present case ?

· It is averred in the declaration that the machine was in bad repair, and in a dangerous condition; that the rollers were loose and would not take hold of the entrails until they were pushed or pressed into them; that defendant knew that the machine was in bad repair and dangerous condition, and did not inform the plaintiff thereof, and that, December 7th, while plaintiff was exercising due care, his hand was caught, etc.

The plaintiff was injured December 7, 1898.

Edward Brezinski, the plaintiff, called as a witness on his own behalf, testified:

"That he lived at 4738 Lincoln street; he was fifteen years old at the time he was hurt; that he worked for Swift & Company at the time he was hurt; that he went to work for Swift & Company October 21, 1898; that when he was hired the foreman said: 'Go to that machine; take off your coat and go to that machine.' That the foreman showed him how to do the work; that the foreman said: '.Look out and don't put your fingers in the rollers'; that that was all he said; that the rollers were all right when he first went to work at the machine, but that repairs were made on it after he went to work; that there were two rollers in the machine; the rollers stood about four feet above the floor; that Tonie Strucka repaired the rollers by putting new strings on them; that he only fixed one of the rollers at the time he was hurt; that he had fixed the other one about a week and a half before; that he had spoken to the foreman, Dick Wall, about the rollers; that he spoke to him about the rollers a week before he was hurt; that he had told him they were smooth and would not pull the entrails through; that the twine was all worn out; that thereupon the foreman gave him a pail of salt and said: 'Put the salt on the rollers to make them rough'; that he had spoken to the foreman the morning of the day he was hurt about the rollers, and that the foreman told him to go on and work and that he would fix them some other time when he had a chance; that he worked about fifteen minutes longer and went to the foreman again and told him he couldn't work on the machine because it was not in good shape; that the foreman directed him to go on and work at that machine and never mind it; that he worked about three-fourths of an hour and went again to the foreman and the foreman replied that he would see about it that afternoon, and directed him to go ahead with his work; that he worked about half an hour again, and then went to the foreman again; that the foreman then came and tried to fix the machine himself, but only made it worse; that the foreman told him to go and try to finish up until noontime, which he did; that the rollers would not take hold of the entrails and pull them through, and that he had to put salt upon the rollers, and also had to put his hand underneath and pull the entrails through the rollers, because the rollers would not pull them through themselves; and then

he had to hang them on the hook because the rollers would not catch them; that the foreman told him to put his fingers near the rollers; that the men who worked on the machine told him to put his fingers in and spread them out, so that they were loose and the rollers could pull them; that he had to take the entrails with his left hand and let them down into the rollers; that he had to take them as fast as they were handed to him by the man who worked with him; that if he did not take them they would run back to the scrapers or knives and break them up; that he worked until noon and returned to work again at 12:30, and then went over to the foreman and told him he could not work that afternoon as the machine was not good; that the foreman told him to go ahead and work and he would send somebody to fix it; that Dick Rich was working with him at that time; that Tonie Strucka came and fixed the machine; that after the machine was fixed Dick Rich came and called him and he went back to work; that Dick Rich did not tell him about the danger of getting hurt, but that he did say to him, 'Look out and don't put your fingers between the rollers;' that no one ever told him about the chances of getting hurt there; that when he came back to work after the machine was fixed, Dick Rich said, 'Come on and work. We have to catch up the time we are behind.' That when he returned to work at the machine Dick Rich handed him the entrails faster than he could put them through; that one of the rollers had been fixed, but that nothing had been done to the other one, which was smooth; that the one nearest to him was the one which had been repaired; that when he returned to the machine one of the rollers was fixed and the other was not; that the other was smooth and the machine would not catch the entrails and pull them through while they were hurrying; that the rollers did not work well when he went back to the machine after it was fixed; that Dick Rich was putting the entrails in faster than witness could take them away and that the rollers would not catch them; that witness had to wait until the rollers caught them and then had to put his hand and pull them through and hang them up on a hook; that Dick Rich hurried him all of the time; that he said to him, 'You son of a bitch, fat head, hurry up and pull them through;' that every little while he would say to him, 'Hurry up, hurry up;' that Dick Rich was hurrying up all the time and was handing him the entrails faster than he could catch them because he was holding them with one hand; that the rollers would not catch them and he was holding the entrails down on

the rollers so that they would catch them; that the entrails slipped and he made a grab for them. as they would have broken the knives if they had gone, and he didn't see, and the rollers pulled his fingers in; that Dick Rich came up and tried to pull off the wheel; that Rich was turned away from the machine at the time; that he tried to pull his hand out of the rollers and could not; that Strucka came back and tried to pull the boxes off; that the first three fingers of his right hand were caught in the rollers and had to be cut off; that the little finger was doubled up and hurt, but was not amputated; that the usual time of work was ten hours, and sometimes they did more; that they had to put through twenty barrels of entrails every day, and about five times a week they had one extra, which they had to rush to get through; that on the day he was hurt they had twenty-one barrels."

In view of this evidence of the plaintiff, we are of opinion that the case should have been submitted to the jury. Considering this evidence alone. and excluding from consideration all countervailing evidence, as we must, under the decisions cited, we can not say that a verdict for the plaintiff, based on his evidence, would be unreasonable in legal contemplation; that it would be such that the court would be bound to set it aside. On the question whether, if, on all the evidence the jury had found for the plaintiff, the court should or not have granted a new trial, we express no opinion, it not being within our province to decide that question on this appeal.

Counsel for appellee urges that appellee is entitled to recover under the statute prohibiting the employment of children under sixteen years of age in extra hazardous or dangerous work. The statute is not counted on in appellee's declaration. The question, therefore, is not before us for decision. Appellee's counsel excepted to rulings of the court sustaining objections to certain questions propounded to plaintiff's witnesses. The objections were properly sustained.

For the error in taking the case from the jury the judgment will be reversed and the cause remanded.