## Michael Kane v. Cicero & Proviso Electric Ry. Co.

1. MOTIONS—*To Exclude Evidence from the Jury.*—Motions to exclude the evidence and to instruct the jury to find for the defendant are in the nature of demurrers to the evidence, and admit not only all it proves, but also all that it tends to prove.

2. CARRIERS OF PASSENGERS—*Must Use the Highest Degree of Care for their Safety.*—A carrier of passengers, while not an insurer, must use the highest degree of care to secure the safety of the passengers, which is reasonably consistent in view of the character of the mode of conveyance in use.

3. SAME—*Express Contract Not Necessary.*—It is not necessary that there be an express contract, in order to constitute the relation of carrier and passenger. The contract may be implied from slight circumstances, and it need not be actually consummated by the payment of fare upon entering the conveyance of the carrier.

4. SAME—*Where the Relation of Carrier and Passenger Exists.*—Where a person attempts to enter a street car in a proper manner by getting upon the rear platform, with the intention of becoming a passenger, in law, the relation of passenger and carrier exists.

Trespass on the Case, for personal injuries. Error to the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed February 13, 1902.

Statement by the Court.—Plaintiff in error brought case against defendant in error to recover for injuries alleged to have been received by him July 16, 1895, while he was attempting to take passage on one of defendant's cars. A trial before the court and a jury resulted in a verdict for plaintiff in error, which was directed by the court at the close of plaintiff's evidence, and a judgment thereon, from which this appeal is taken.

The declaration consists of two counts, in the first of which it is alleged, in substance, that plaintiff, with due care, sought to become a passenger for hire on one of defendant's cars, obtained a foothold on said car, but before he could enter it, defendant carelessly and negligently put the car into sudden and violent motion, whereby he lost his footing, and while endeavoring, with due care, to regain his foothold, the defendant, through its servants in charge of another electric car rapidly moving in an opposite direction, drove said car against plaintiff, whereby he was thrown to the ground and injured; and by the second count it is alleged, in substance, that plaintiff sought, with due care, to enter one of defendant's cars, for that purpose mounted upon the foot-board thereof, and while so on said foot-board and in the exercise of due care, defendant suddenly started said car rapidly, whereby plaintiff partially lost his foothold and balance upon the foot-board, and while endeavoring to regain the same, was struck by another car of defendant then passing upon a parallel track, whereby plaintiff was thrown violently upon the ground and injured, and that said car by which plaintiff was struck was driven at a high and dangerous rate of speed. The plea was the general issue.

W. P. BLACK and H. R. RATHBONE, attorneys for appellant.

JOHN A. ROSE and LOUIS BOISOT, attorneys for defendant in error; W. W. GURLEY, of counsel.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

The first question to be considered is, as to whether the plaintiff in error, by his evidence, made a case which should have been submitted to the jury.

"Motions to exclude the evidence from the jury, and motions to instruct the jury to find for the defendant, are in the nature of demurrers to evidence, * * * in that they admit not only all that the testimony of the plaintiff proves, but also all it tends to prove." Bartelott v. International Bank, 119 Ill. 259.

To the same effect, in substance, are the following cases: Frazer v. Howe, 106 Ill. 563; Pa. Co. v. Conlan, 101 Ill. 93; Pa. Co. v. Backes, 133 Ill. 255; Offut v. Columbian Expn., 175 Ill. 472; Consolidated Coal Co. v. Bokamp, 181 Ill. 9–15; R. R. Co. v. Heisner, 192 Ill. 571; R. R. Co. v. McPherson, 193 Ill. 629; Boyle v. Ill. Cent. R. R. Co., 88 Ill. App. 255; Cummings v. Ry. Co., 89 Ill. App. 199; Finley v. R. R. Co., 90 Ill. App. 368; Brezinski v. Swift & Co., 91 Ill. App. 537, and cases cited.

The evidence shows that plaintiff in error, who was in the employ of the defendant company as a laborer, after he had finished his day's work, came along Harlem avenue, Chicago, a north and south street, to its intersection with Lake street, which runs east and west. Defendant's car tracks run along Harlem avenue, and at its intersection with Lake street, curve and go easterly on Lake street. Defendant's car coming from the south passed this curve onto Lake street, when it was stopped and was boarded by a number of plaintiff's co-laborers. It was an open car, the same on either side. The plaintiff in error in describing the circumstances attending the accident, thus testifies:

"The car was the same on both sides. I boarded the car at the west end near the center; I got on the running board with both feet, having hold of the handles with my hand, first one and then both. As I got on the car it suddenly

started up and jerked my left hand loose, and before I could recover myself I was struck with the west-bound car coming against me. The car I boarded started at full speed; I don't know how many miles an hour. The car that struck me was also going, I should think, at full speed. No notice of the starting of my car was given me; I heard no bell on either car. When struck I fell to the ground, and when I stood up again the two cars were standing, one at Harlem avenue and one about the same distance from me on Lake street. The car I had been on had stopped about 100 feet from me; the car that struck me stopped the other side of the curve on Harlem avenue. The men who were working with me got on the same car about the middle of the car."

On cross-examination he testified, among other things, that the other men, who were ahead of him, got on the other side of the car, but that he did not know that it was dangerous to get on where he did; that he had seen people getting on and off and knew that they usually got off nearest the sidewalk; that he did not see the other car coming before he got on; that he could not tell how the car he was struck by got where it was; that he was not looking to see what was coming on the other track, but wanted to get on the car and get home. Also, he further testified :

" I hadn't time to get into the car. I stepped on the foot-board and the car started. The car was standing when I stepped on; when I got on it started suddenly. I had not time to step into the car when I lost my hold. The car started after I stepped on the foot-board; I was standing on the foot-board when the car started, holding onto the irons, and was in that position, holding with both hands, when the car started. I had hold with both hands, and lost hold with one hand when it started; it jerked me off; I lost my left hold; my left hand was jerked loose, and before I could recover myself the other car knocked me down. I was trying to get inside of the car at the time. I was knocked down between the two cars, onto the ground. The foot-board of the car I was on was down."

The testimony of plaintiff in error is corroborated by two other witnesses. McHale testified that the car which plaintiff boarded came to a full stop; that plaintiff got on

the foot-board, caught the rails with both hands, and while standing on the foot-board holding with both hands, " the car started off with a sudden start pretty fast, but I couldn't say how fast.    *    *    *    Just then the other car came past and I saw his hat fly off when the other car hit him on the head.   Heard no bell or warning of any kind. The plaintiff was knocked off the car.   I think our car went about 100 feet before it came to a stop."

Another witness, Cramer, says that when plaintiff started to get on the car it was stationary; that the "car started to move, gave a quick jerk.    *    *    *    When our car started up with a jerk, shook me inside of the car, and went pretty fast."

The evidence tends to shows that plaintiff, as the result of his fall, sustained quite serious injuries, and that prior thereto he was a sound and healthy man.

We think the evidence tends to show that plaintiff in error was in the exercise of ordinary care in attempting to board the car as he did, and that the evidence tends to show negligence in starting the car.   It suddenly started up and jerked plaintiff's left hand loose from his hold upon the rail, so he says.   McHale says it started off with a sudden start, pretty fast.   Cramer says it gave a quick jerk and shook him inside of the car; went pretty fast.

In the case of Chicago City Ry. Co. v. Morse, 98 Ill. App. 662, we held that where an electric street car was stopped by a very violent jerk—very suddenly—stopped with a lurch, so that people standing in the aisle were shaken back and forth in the car so that they knocked against the plaintiff, a passenger, the question of negligence in so stopping the car was properly submitted to the jury.   In the same case we said (citing cases of the Supreme Court in support thereof) :

" In this State it is settled law that a carrier of passengers, while not an insurer of the absolute safety of the passenger, must use the highest degree of care to secure the safety of the passenger, when he is in the exercise of ordinary care, that is reasonably consistent in view of the character of the mode of conveyance in use."

We think the circumstances here show the relation of carrier and passenger, and that defendant's duty toward plaintiff was the highest degree of care consistent with the mode of conveyance used. N. Chicago St. Ry. Co. v. Williams, 140 Ill. 275-88.

In this case it was said:

" It is not necessary that there be an express contract in order to constitute the relation of carrier and passenger, nor that there should be a consummated contract. The contract may be implied from slight circumstances, and it need not be actually consummated by the payment of fare or entering into the car or boat of the carrier. The whole matter seems to depend largely upon the intention of the person at the time he enters the boat or cars."

Williams tried to enter appellant's street car in a proper manner, getting upon the rear platform, with the intention of becoming a passenger, and it was held that the relation of passenger and carrier existed.

It is claimed by counsel for defendant in error that the evidence of plaintiff in error is inherently improbable, incredible, and therefore that the court was justified in not submitting the case to the jury. The credibility of a witness is, in the first instance, a matter for the consideration of the jury. In a motion to take a case from the jury, as is held in a number of cases cited, *supra*, it is not within the province of the court to weigh the evidence.

It is also claimed that the allegations of the declaration are insufficient to allow a recovery. A reading of the declaration, the substance of which is set out in the statement, as we think, refutes this contention. For the error in instructing the jury to find the defendant not guilty, the judgment is reversed and the cause remanded.