### Julia M. Cooney v. United States Wringer Co.

1. PRACTICE—*Instruction to Find for the Defendant, When Proper.*—When all the evidence considered in its most favorable aspects toward the plaintiff, conceding it to be absolutely true, does not tend to prove the cause of action declared upon, an instruction to find for the defendant is proper.

2. SAME—*When an Instruction to Find for the Defendant Should Be Given.*—An instruction taking the case from the jury and directing a verdict for the defendant should be given where the evidence, with all

the legitimate and natural inferences to be drawn therefrom, is wholly insufficient, if credited, to sustain a verdict for the plaintiff.

3. PAYMENT—*Receiving a Check, When Not Payment of a Note.*—The receiving of a check for the amount of the note is not a payment of the note, but is only a means to procure the money due upon it.

4. AGENTS—*Can Not Exceed Their Authority.*—An agent to collect money can not bind his principal by any arrangement short of an actual collection of the money; he can accept nothing in payment except money, nor can he commute it in payment of a debt due from himself.

Assumpsit, on a promissory note. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Reversed and remanded. Mr. Justice WATERMAN not concurring. Opinion filed April 4, 1902.

McCLELLAN & SPENCER, attorneys for appellant.

C. E. & G. D. ANTHONY, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This suit was begun by the appellant against the appellee on a promissory note for $3,000, payable to the order of appellant, given for a loan of money. The declaration consisted, besides two special counts on the note, of the common counts. At the close of all the evidence, a motion by the appellee to instruct the jury to find the issues for the defendant (appellee) was granted, and judgment for costs against appellant was entered. If the proposition be true that there was no evidence upon which the jury, acting reasonably within the rules of law, could base a verdict against the appellee and which would have been sufficient in law to support such a verdict if it had been found, the instruction was properly given, otherwise not. The facts disclosed by the evidence were substantially as follows:

Patrick H. Cooney, husband of appellant, testified, in substance, that in 1892 and 1893, he was general manager of the defendant company. The name of the defendant was, at that time, The American Installment Company, but has since been changed to the United States Wringer Company. John J. Lentz was president and treasurer of the company, and had a general decision in its affairs.

In December, 1892, the company borrowed $3,000 from Mrs. Cooney, the plaintiff, and executed to her its note for that amount, and Cooney took the note to the plaintiff. About the beginning of the panic, in June, 1893, there was a meeting of the seven stockholders of the company for the purpose of raising money for the payment of bills. At this meeting Lentz suggested that each member loan the company $3,000 to help it out of its difficulty. Cooney said he had no money, and Wilson, Allen and Barron, other stockholders, said the same thing. That night Lentz and Cooney walked part way home together; Lentz suggested that Cooney ask his wife to reloan her money, due on the note, to the company. After Cooney had seen his wife he told Lentz that she positively refused to loan the money again, but insisted on having it paid. Lentz then said that it would be absolutely necessary to show that Cooney had put in his money to induce Wilson, Allen and Barron to put in theirs; and Lentz said that he would suggest a way to do it, and suggested that Cooney give him a check for $3,000, and Lentz would give Cooney a check for the amount of the note; that they would deposit the checks at the same time, and one would offset the other; Lentz could then show the other members that Cooney had put in his money; that it would be only a very short time until the company would pay Mrs. Cooney her money; and that there was no necessity of letting her know anything about the transaction.

Cooney had less than $100 in his bank at this time, and so told Lentz. Cooney agreed to Lentz's proposition as above stated and drew two checks on his bank to the order of the company, one for $3,000 and one for $100, and gave them to Lentz. Lentz gave him a check payable to the order of plaintiff for $3,105, the amount of the note with interest. Cooney took the $3,105 check to his wife and got her to indorse it. All three checks were then deposited on the same day, and the note, which Cooney had obtained from his wife to collect, was afterward marked by Cooney " Paid in full, $3,105." Lentz instructed the bookkeeper to put the transaction on the books so that it would not appear as a liability.

Cooney v. United States Wringer Co.

Mrs. Cooney testified in her own behalf that all this business was transacted with her husband, the general manager of the company. She loaned the company $3,000 in December, 1892, and has never been repaid any part of it. When she first got the note she put it in a little box where she kept her papers. Afterward, when the interest was due, she gave the note to her husband to collect. He returned the note to her and she put it in the box; it remained in the box so far as she knows; she saw it in the box in June, 1893; she doesn't remember having done anything else with it. She first learned that the note was in the possession of the company when it was produced in the court room at the other trial of this case, and at the same time she first learned that the note was marked paid.

Mr. Cooney brought the check for $3,105 to her and she indorsed it to get her money that the company was keeping from her. Cooney took the check away and she never got any money on it. She never had a bank account of her own.

She never told her husband that he might reloan the money due on this note to the company. She first heard of the exchange of checks between her husband and Lentz, testified to by her husband, at about the time this suit was begun. She never told her husband that he might use the money received or that might be received on the note, in payment of an assessment made against him by the company.

The note and the three checks mentioned above were introduced in evidence. The three checks, although bearing three different dates, were deposited on the same day. On the face of the $3,105 check is written: "In payment of note December, '92;" and the check is indorsed by Patrick H. Cooney and Julia M. Cooney. On the face of the note is written: "Paid in full, $3,105. P. H. Cooney."

To meet this evidence, the defendant called as witnesses three stockholders of the company, John J. Lentz, Gov. Nash and Judge Galloway, and offered certain documentary evidence. Lentz's testimony is to the effect that he

never had any such conversations with Cooney as those Cooney testified to; that he did not make any such arrangement about exchanging checks; and that he had never made any promise on behalf of the company to pay the money to Mrs. Cooney.

All three of the witnesses for defendant testified that the stockholders passed a resolution May 20, 1893, assessing each stockholder $3,000 for the payment of debts of the company; and the record book of the company showing this resolution was offered in evidence. Each one testified also that he had paid his $3,000 assessment, and that this assessment was not to be a loan from the stockholders to the company. Lentz, Nash and Galloway also all testified that at the meeting at which this resolution was passed, Cooney said he had no money of his own, but that if the company would pay his wife's note, he would borrow this money from her and pay his assessment with it. Lentz testified that afterward he gave the $3,105 check to Cooney in payment of his wife's note, and Cooney gave Lentz the $3,000 check on June 13th or 14th in payment of Cooney's assessment. Lentz could remember nothing about Cooney's $100 check.

At the close of all the evidence the court directed a verdict for the defendant. The question then before the trial court (and now before this court) was: Did the evidence, considered in its most favorable aspects toward the plaintiff, and conceding the evidence in her favor to be absolutely true, tend to prove a cause of action?

" All the evidence tends to prove, and all just inferences to be drawn from it in appellant's favor must be conceded to him. * * * Under the rule, the evidence the most favorable to appellant must be taken as true." McGregor v. Reid, Murdoch & Co., 178 Ill. 464.

" The rule is also that an instruction taking the case from the jury and directing a verdict for the defendant should only be given where the evidence, with all the legitimate and natural inferences to be drawn therefrom, is wholly insufficient, if credited, to sustain a verdict for the plaintiff." Siddall v. Jansen, 168 Ill. 43.

" If there had been no evidence whatever tending to prove

the plaintiff's cause of action the instruction might have been given; but where there is evidence tending to prove the cause of action, as it is apparent there was here, it is the duty of the court to refuse an instruction of that character and leave the jury to pass upon the weight of the evidence." L., N. A. & C. Ry. Co. v. Patchen, 167 Ill. 204.

To the same effect are: L. S. & M. S. Ry. Co. v. Richards, 152 Ill. 59; Pullman's P. C. Co. v. Laack, 143 Ill. 242; Brezinski v. Swift & Co., 91 Ill. App. 537; Frazer v. Howe, 106 Ill. 563, and numerous other cases.

According to the testimony of Cooney, which not only must be taken as true in itself, but which is strongly corroborated by the documentary evidence, the note for $3,000 was never, in fact, paid at all. The exchange of checks between Cooney and Lentz was a mere subterfuge; no money actually passed. It was a mere " wash " transaction.

Cooney, for the purpose of collecting this note, was the agent of the plaintiff. He was also the manager and general agent of the company. Lentz, the president of the company, and the man who had a general decision in its affairs, made the proposition to Cooney, to go through this pretended payment, without the knowledge of Mrs. Cooney, and Cooney accepted the proposition. The company parted with no money. The checks of Cooney, amounting to $3,100, were delivered to Lentz at or about the same time the check for $3,105 was delivered to Cooney; and the $3,105 check was deposited to make good the checks of Cooney already in the possession of the company. According to the testimony of both Mr. and Mrs. Cooney, she knew nothing of this transaction until years afterward, and never authorized it or ratified it in any way. Mrs. Cooney indorsed the $3,105 check for the purpose of getting her money from the company, but she never got it. Indeed, according to the secret arrangement between Lentz and her husband, made before the check was given to Cooney, as soon as her indorsement on the check was procured, the check was deposited in Cooney's bank to make good Cooney's checks which were already in the possession of the company.

The receiving of a check for the amount of a note is not payment of the note, but is only a means to procure the money. Woodburn v. Woodburn, 115 Ill. 427.

An agent to collect money can not bind his principal by any arrangement short of an actual collection of the money; and he can accept nothing in payment except money; nor can he commute it in payment of a debt due from himself. 1 Am. & Eng. Ency. of Law, 2d Ed., 1027 and 1028; Lochenmeyer v. Fogarty, 112 Ill. 572; Padfield v. Green, 85 Ill. 529; Bank of Antigo v. Union Trust Co., 149 Ill. 343.

It is true that Lentz denied any such arrangement as Cooney testified to was made, but it was clearly a question for the jury to decide, and not for the court.

For error in giving the instruction taking the case from the jury, the judgment of the Superior Court must be reversed and the cause remanded.

Mr. Justice WATERMAN does not concur.