## E. W. Parker v. R. E. Leech.

Filed March 8, 1906.   No. 14,137.

1. **Principal and Agent.** Ordinarily, an agent authorized to receive payment has no authority to commute his principal's debt for a debt due from himself to his principal's debtor, nor to receive payment other than in money.

2. **Evidence** examined, and *held* insufficient to sustain a finding of payment.

Error to the district court for Furnas county: Robert C. Orr, Judge. *Reversed.*

*W. S. Morlan,* for plaintiff in error.

*John T. McClure, contra.*

Jackson, C.

This is an action on a promissory note. The answer contains a plea of payment, which is denied in the reply. From a judgment in favor of the defendant the plaintiff prosecutes error.

The sole question in the case is whether the evidence is sufficient to sustain a finding in favor of the defendant on the question of payment. It is not claimed that payment was made direct to the plaintiff, but to one Clark, to whom he authorized it to be made, and the case turns on whether what the defendant relies upon as payment to Clark amounts in law to a payment of the note. When the note was given, and at the time of its alleged payment, the plaintiff was in business in the village of Wilsonville, Clark was dealing in live stock in the village of Lebanon, in this state, and the defendant was engaged in farming, and resided in the state of Kansas, about 22 miles from the former and about 8 miles from the latter village. According to defendant's testimony, it was arranged between him and the plaintiff that the note should be paid out of

the proceeds of the sale of certain cattle, then owned by the defendant. After the note had been due for some time, the defendant shipped the cattle to Kansas City, and sold them, receiving the proceeds of the sale in the form of a draft on a bank in Oberlin, Kansas. On his return from making the sale, he stopped at Wilsonville, informed the plaintiff of the sale, and of the draft on the bank at Oberlin. At the same time he told him of a certain sale of some hogs, which he had made to Clark, at Lebanon, and for which Clark still owed him. As to the conversation between the parties at that time, defendant's examination, in part, is as follows: "Q. Where was the draft? A. It went to Oberlin, to the bank. Q. And you told Mr. Parker when you got the money on this draft you would pay him this note? A. I told him when I went to Oberlin I would pay it, if I didn't have money enough with Clark. Q. But if you had money enough with Clark you would pay it there? A. I would get the money from him to pay it. * * * Q. And Parker said you could leave the money with Clark and it would be all right? A. He told me to pay it over to him. Q. What did he say? A. I told him Clark had some money up there for my hogs, and he said: 'Well, just take and pay it over to him, and it will be all right with me.' Q. If you paid it to Clark, it would be all right with him? A. Yes, sir; and I told him if there wasn't enough there I would get it when I went to Oberlin. Q. I think, before, you said something like he said, if you would pay Clark, it would be all right. Just give the words he said. A. He told me to pay it over to Clark and it would be all right." The defendant's testimony further shows that he went from Wilsonville to Lebanon, where he saw Clark, and that he informed Clark of the arrangement made with plaintiff for the payment of the note, and of the amount due thereon, ascertained the amount due him from Clark, which was a few dollars less than the amount of the note; that at the same time he arranged with Clark to sell him some hogs to make up the difference, and that Clark

should then remit the amount of the note to the plaintiff. His testimony further shows that, within two or three days thereafter he sold two more hogs to Clark, for a sum more than sufficient to make up the deficit. Whereupon, Clark retained sufficient of the amount due defendant to pay the note, paid him the excess and agreed to pay plaintiff the amount of the note.

Assuming that the defendant's version of the transaction is true, and it is by no means inherently improbable, still, we think it is insufficient to sustain a finding of payment. It is clear, we think, from that portion of the evidence set out, that the plaintiff had no intention to substitute Clark for the defendant as his debtor. In fact, his language, even as quoted by the defendant himself, appears to have been carefully chosen to avoid that construction, and to merely make Clark his agent to receive payment. As such agent, Clark had no authority to commute plaintiff's claim for his own debt to the defendant. *Padfield v. Green*, 85 Ill. 529; *Hurley v. Watson*, 68 Mich. 531. See 1 Am. & Eng. Ency. Law (2d ed.), p. 1,028, and notes. That he had no authority to receive payment other than in money is elementary. Hence, we have a case where the defendant, dealing with the plaintiff's agent, authorized to receive payment of a debt due from the defendant to the plaintiff, undertook, by an arrangement between himself and the agent, to offset a debt due him from the agent against his indebtedness to the plaintiff, and to pay the balance other than in money. That, as we have seen, was not within the scope of the agent's authority, and would not support the plea of payment. This rule is a salutary one, and in view of another issue disclosed by the evidence has a peculiar application to this case. Clark was a witness on behalf of the plaintiff and testified that no such arrangement as the testimony of Leech disclosed was entered into between Leech and himself. His testimony was to the effect that, while he bought hogs of Leech, the purchase price thereof was credited on an account between Leech and himself, and in satisfaction of

Leech's indebtedness to him. It would be a harsh rule to require a creditor to accept in lieu of an undisputed debt a chance to recover in litigation with a third party, in the absence of an express agreement to do so.

It is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause is remanded for further proceedings according to law.

REVERSED.