Morris & Co. v. Rhode Island Ins. Co. of Providence, 181 Ill. App. 500.

same and "Supplemental Bill of Exceptions" appearing therein was reserved to the hearing. The supplemental record containing orders not appearing in the original record filed here by the defendants, the motion to strike the supplemental record is denied, but the motion to strike that part of the said supplemental record described as the "Supplemental Bill of Exceptions" is allowed. The same was not signed by the trial court and filed within the time required by the Municipal Court Act.

The plaintiff introduced evidence in support of his claim, but the defendants made no defense. They apparently relied upon their motion to continue supported by the affidavit of the defendant Dandridge. We have carefully examined the affidavit and given due consideration to the defendants' argument in support thereof, and think that the court properly denied the motion.

There is no reversible error in the record. The judgment is affirmed.

*Affirmed.*

---

## Morris & Company et al., Defendants in Error, v. Rhode Island Insurance Company of Providence, Plaintiff in Error.

## Gen. No. 17,641.

1. APPEALS AND ERRORS—*when sufficiency of evidence cannot be questioned.* In an action to recover unearned premiums on insurance policies, defendant can not raise the question in the court of review that plaintiff introduced no evidence to prove payment of the premiums where defendant itself introduced evidence showing payment.

2. INSURANCE—*where typewritten rider is attached to policy.* In an action to recover unearned premiums where insurance policies are canceled, the provisions in a typewritten rider attached to the policy prevail when in conflict with printed terms in the policy.

3. CONTRACTS—*where written and printed portions of contract are inconsistent.* Where written and printed portions of a contract are inconsistent the writing prevails.

4. INSURANCE—*where insurance premiums are paid to agent.* In an action to recover unearned premiums on insurance policies paid to a general agent of defendant by a note and a check, defendant is bound by such payment.

5. AGENCY—*agent to collect cannot accept anything but money.* An agent to collect cannot accept anything but money in payment unless authorized by the principal to receive something else.

6. AGENCY—*powers of agent.* The powers of an agent are limited to the general scope of the business entrusted to him.

Error to the Municipal Court of Chicago; the Hon. WILLIAM W. MAXWELL, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed June 30, 1913. Rehearing denied and opinion modified July 14, 1913.

BATES, HARDING, EDGERTON & BATES, for plaintiff in error.

M. W. BORDERS, L. M. WALTER and N. G. COLLINS, for defendants in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiffs, here the defendants in error, brought an action of the first class in the Municipal Court of Chicago against the defendant, here the plaintiff in error, to recover unearned premiums claimed to be due the plaintiffs on certain fire insurance policies, issued by the defendant to the plaintiffs and by them canceled pursuant to the terms of the said policies. A jury was waived and on a hearing by the court the issues were found in favor of the plaintiffs and their damages assessed at $12,581.06 and a judgment entered therefor.

The defendant urges three reasons for the reversal of the judgment. First, that the plaintiffs introduced no evidence tending to prove the payment to the defendant of the premiums on the said policies, and proof

502, APPELLATE COURTS OF ILLINOIS.

Morris & Co. v. Rhode Island Ins. Co. of Providence, 181 Ill. App. 500.

thereof was necessary to maintain the action; and that the contention of the plaintiffs that it was not necessary to introduce such proof because of the rule that proof of the delivery of the policies to the insured and possession thereof by the insured raises a presumption of the payment of the premiums, is not applicable to the case at bar. The logic of the defendant's argument is persuasive, but unavailing, even if it be true that on its motion at the close of the plaintiff's case the court should have found for the defendant because of the failure of the plaintiffs to make such proof. The defendant cannot here avail itself of the said objection, for the reason that it introduced evidence showing the payment of said premiums to the defendant. In *Goldie v. Werner*, 151 Ill. 551, the defendant's motion to direct a verdict at the close of the plaintiff's case was denied and the defendants thereupon introduced certain testimony. The court held that the plaintiff was entitled to the benefit of all the evidence introduced by the defendants that helped to make out his case, and said: "The defendants did not stand by their motion; but by the course they took waived all objections to the action of the court in overruling their motion, and cannot assign error upon the ruling of the court in the premises." Citing authorities. See also Thompson on Trials, sec. 2271.

The defendant next insists that on a cancellation of the policies their surrender was a condition precedent to a recovery of the unearned portion of the premiums, and there being no surrender, the action was premature. The form of the policies was described as the ordinary "New York Standard Fire Insurance Policy" and contained the following printed provision:

"This policy shall be cancelled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation. If this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid,

the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is cancelled by this company by giving notice, it shall retain only the *pro rata* premium.''

The policies were not surrendered to the defendant. The validity of the cancellation thereof by the plaintiffs is not denied by the defendant; and it is clear that after the cancellation of the said policies there could have been no recovery thereunder in case of a loss of the premises therein covered, or any part thereof, by fire subsequent to the cancellation. A typewritten rider was attached to the policies reading as follows:

''This policy may be cancelled by either party giving thirty days' notice in writing, *pro rata* return premium if cancelled by company, short rate to be charged for time if cancelled by assured.''

The plaintiffs claim that the provision of the said rider supersedes the printed clause first above quoted, and on the cancellation of the policies thereunder no surrender was required. The rule that where, in the use of printed forms, a contract is partly printed and partly written, the writing will prevail when there is a conflict or inconsistency between the writing and the printing, is well settled. But the defendant contends that there is no conflict or inconsistency in the said two provisions as to the return of unearned premiums.

The printed clause provided that in case of the policy becoming void, by cancellation or otherwise, the unearned premium should be returned upon the surrender of the policy. The rider contains an entirely different provision from the printed clause in relation to a cancellation of the policy and is followed by *''pro rata* return premium if cancelled by company, short rate to be charged for time if cancelled by assured.'' This language is the same in effect as in the printed clause pertaining to the amounts to be paid by the defendant in case of a cancellation of the policy. Why should it be put in the rider unless it was meant to fix

504 APPELLATE COURTS OF ILLINOIS.

Morris & Co. v. Rhode Island Ins. Co. of Providence, 181 Ill. App. 500.

the method of computing the amount to be paid upon a cancellation of the policy, as the said rider provided, and not upon a cancellation and surrender of the policy? We think that the reasonable construction of the rider is, and that it was so intended by the parties, that upon a cancellation, not a cancellation and surrender, of the policy as therein provided, a certain amount of the premium paid on the policy, computed on the basis therein agreed on, should thereupon become due and payable to the plaintiffs, and in that respect, as well as the time and the manner of cancellation, the rider was inconsistent with the said printed portion of the policy, and controlling upon the parties.

The defendant, failing to convince the trial court of the soundness of either of the two defenses mentioned, by its counsel frankly say: "found itself in the position of being obliged either to stand upon such rulings or to prove, or to attempt to prove, that the premiums on said policies had not been paid to it;" and for certain reasons elected to attempt to make such proof. The defendant then proved that the plaintiffs paid the premiums on said policies to Adolph Loeb & Sons, Incorporated, by check for $7,324.87, and at the same time a note for $8,617.50, both payable to the order of said Adolph Loeb & Sons, Incorporated, who discounted the said note and received the proceeds thereof, and also received payment on the check.

The defendant urges as a final ground of reversal:

"It is contended by plaintiff in error that such payment by a note to the order of Adolph Loeb & Sons, Incorporated, even though Adolph Loeb & Sons, Incorporated, was the agent of the Rhode Island Insurance Company, was not a good payment to the Rhode Island Insurance Company, and that the fact that the note was discounted by Adolph Loeb & Sons, Incorporated, does not alter the situation; that the payment was not under any circumstances a good payment to the plaintiff in error. The record fails to show any authorization by the Rhode Island Insurance Com-

pany to Adolph Loeb & Sons, Incorporated, to accept a note in payment of any portion of the premiums on these policies. The record also fails to show that the Rhode Island Insurance Company in any way or at any time ratified payment in such manner. The record fails to show that the Rhode Island Insurance Company at any time or in any way received any benefit from such payment by note to Adolph Loeb & Sons, Incorporated, or received or accepted any of the proceeds thereof.''

In support of this argument the defendant states the law to be that ''the payment to an agent of a debt due to his principal by a promissory note payable to the order of the agent, is not a good payment to the principal,'' citing *Scott v. Gilkey,* 153 Ill. 168; *Everts v. Lawther,* 165 Ill. 487; *Cooney v. U. S. Wringer Co.,* 101 Ill. App. 468, and authorities other than the courts of this state.

We think it may be conceded that an agent to collect can not accept anything but money in payment unless he has been authorized by his principal to receive something else, and that the powers of an agent are limited to the general scope of the business entrusted to him, are general propositions of law and supported by the authorities cited and relied upon by the defendant. Adolph Loeb & Sons, Inc., received the money in payment of the said premiums. The merits of the defendant's contention therefore depend upon the scope of said Loeb & Sons' authority as the agents of the defendant.

The policies in question covered property in twenty-six different States. They were all delivered to the plaintiffs at the same time by Leo A. Loeb, the president of Adolph Loeb & Sons, Inc. Another policy, delivered at the same time and part of the same transaction, covered property in Chicago and was countersigned ''Adolph Loeb & Sons, Inc., Agents, 159 LaSalle St., Chicago.'' These policies were given in place of other policies covering the same premises

506    APPELLATE COURTS OF ILLINOIS.

Morris & Co. v. Rhode Island Ins. Co. of Providence, 181 Ill. App. 500.

issued a year before by the defendant through the said Loeb & Sons, and payment at that time was made by the plaintiffs of the premiums thereon to the said Loeb & Sons by check and note, in the same manner as at the time in question. The policies were written under date of March 21, 1910, to take effect April 1, 1910. The plaintiffs' notice to the defendant of a cancellation of the policies was made under date of August 19, 1910. No bill was sent to or demand made by the defendant of the plaintiffs for the payment of the said premiums prior to the beginning of the said suit by the plaintiffs. The correspondence between the plaintiffs and the defendant introduced in evidence recognizes the agency of the said Loeb & Sons by the defendant. In our opinion the evidence proves that Adolph Loeb & Sons, Inc., was a general agent of the defendant within the rule announced in *Continental Casualty Co. v. Johnson,* 119 Ill. App. 93, and authorities there cited. In May on Insurance, vol. 2, sec. 360 B., the author says: ''An agent authorized to take and approve risks and to insure may allow credit for the premium. A general agent may waive the condition as to payment of the first premium, and give credit even though the policy declares that the contract cannot be modified except by writing signed by the president or secretary.''

In *Hancock Life Ins. Co. v. Schlink,* 175 Ill. 284, while the case is not precisely in point, the court quotes the above from May with apparent approval. And in *Eclectic Life Ins. Co. v. Fahrenkrug,* 68 Ill. 463, the court say, in reference to the authority of agents: ''The question in cases of this kind is not what power did the agent in fact possess, but what power did the company hold him out to the public as possessing. * * * It is immaterial what may have been said in the policy in regard to the payment of the premium. It was within the power of the company, acting through its agents, to change entirely the mode of or dispense

with the payments as provided by the policy, and adopt a different mode and time of payment.''

In the case at bar the policies specified no mode of payment, and it seems to us that under the circumstances the receipt by Loeb & Sons of the check and note in payment of the said premiums, was the act of the defendant, and was payment to it of the said premiums. Holding this view, the argument that the defendant did not ratify such payment, or in fact receive any benefit from the payment by said note, is of no avail.

The judgment is affirmed.

*Affirmed.*