## Williams v. Louisville & Nashville Railroad Company.

(Decided March 14, 1919.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

Appeal and Error—Verdict—Evidence.—A verdict returned by a jury, under proper instructions, will not be disturbed unless it is clearly and palpably against the weight of the evidence.

B. F. GRAZIANI for appellant.

S. D. ROUSE and BENJAMIN D. WARFIELD for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

There is but one question to be decided on this appeal, viz.: Is the verdict flagrantly against the evidence?

The appellant became a passenger on a train of the appellee company, at Latonia, Ky., June 24, 1916, having purchased a ticket to Glencoe, Ky. She got on the rear end of the first coach and having reached the platform of the car someone directed her to turn toward the right, which would be in the direction of the ladies' coach; this she did, and as she started to enter the door of the latter coach she claims that an employe of the company either threw or pitched a heavy suit case upon the platform which fell upon her right foot, thereby producing the injury for which she sought damages.

The testimony of the appellant is corroborated by her daughter, who was with her at the time. These are the only two witnesses testifying on this point. The flagman, in behalf of the appellee, in stating what happened on the occasion complained of by the appellant, thus testifies: "Q. Explain to the jury just what your duty as flagman was on that train? A. At this station to receive passengers and assist them with their baggage. This lady was boarding it, on the steps coming up on the lower side. I was helping some other passengers up; I put up a suit case like that. As I set it down she set her foot under it; she was behind on the platform, like this; she put her foot under it, pulled it out, and walked away; never said a word to me."

At another point he said that he first observed appellant "As she pulled her foot out from under this suit case and stepped in the car." This is all the evidence

in the case showing how the injury complained of occurred.

The case was submitted to the jury under proper instructions, and there is no complaint as to these. The sole point raised by appellant, as above stated, is that the verdict is contrary to the evidence.

Counsel relies upon six cases, and we think these cases support the conclusion we have reached, viz.: that the judgment should be affirmed, because it is well settled in this state, and we have written it in a number of cases, that the court will not reverse a verdict of the jury merely because it might be against the weight of the evidence; it must be more; it must be clearly and palpably against the evidence, or, as otherwise expressed, "flagrantly against the evidence." This is the rule laid down in the first case relied upon by appellant, viz.: Adams Express Co. v. Tucker, 161 Ky. 741. The court in that case reversed the lower court on the ground that the verdict was clearly and palpably against the weight of the evidence, because, as against the practically unsupported testimony of Tucker that the package he shipped contained diamonds, Mr. Elwood Hamilton testified that in a conversation with Tucker at about the time he was supposed to have shipped the diamonds Tucker stated he had pawned them and could get them if sufficient money was forthcoming. And three prominent attorneys of the Frankfort bar testified that Tucker's character for truthfulness was bad.

Furthermore the consignee testified that when the package was opened the diamonds were not in it, and the agent of the company testified that the package was sealed in Tucker's presence, so it is manifest that the court was clearly right in reversing this judgment.

In the other cases cited, viz.: Thompson v. Thompson, 93 Ky. 453; Urso v. Unverzagt, 2 Rep. 228; McClain v. Esham, 17 B. M. 146; L. & N. R. R. Co. v. Graves, 78 Ky. 74, the same rule is stated, and in each of these reversal was denied because there was evidence to support the verdict. Bell v. Keach, 80 Ky. 42, is not in point.

Applying this principle of law to the case before us we are of the opinion that the evidence here is sufficient to support the verdict. The flagman denied that he either threw or pitched the suit case on the car platform; he explained exactly what he did, and how the case was placed

there. The jury heard the evidence; they did not believe the theory advanced by the appellant and her witnesses. It is not for this court to say that in so doing they erred. The jury having concluded from the defendant's evidence that it was not negligent, we are powerless to set aside a judgment entered pursuant to their verdict. It is the province of the jury, not the court, to weigh the evidence.

The judgment is affirmed.