## Ortwein v. Droste.

(Decided March 15, 1921.)

### Appeal from Kenton Circuit Court.

1. Municipal Corporations—Accident in Motor Vehicle—Personal Injuries—Evidence.—In an action for injuries resulting from an automobile accident, the question being one of fact which was submitted to the jury under proper instructions, the judgment will be affirmed.

2.  Trial—Setting Verdict Aside.—A verdict will not be set aside unless it be clearly and palpably against the weight of the evidence.

WM. A. BYRNE for appellant.

T. J. EDMONDS and MACKOY & MACKOY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

As Miss Elenora Ortwein, 25, was starting to her place of employment in Covington about six o'clock on February 25th, 1919, she was invited to ride in the automobile of appellee Droste and informed that he was driving in the direction she was traveling. She accepted the invitation and entering the car took a seat beside Droste, who was driving, and between Droste and one Kinsler, three on one seat.

It was a dark rainy morning and the streets were slick. The car had not proceeded very far before it ran into an iron telephone pole standing inside the curb, and the car was demolished, and its occupants, including Miss Ortwein, badly injured. She brought this action against Droste, the driver and owner of the car, for $30,000 damages alleging that her injuries were the direct result of the reckless and fast driving of the defendant. The case was submitted to a jury under instructions of which no complaint was made, and a verdict for the defendant Droste returned. Miss Ortwein appeals.

That she suffered a terrible injury is not denied. For some time after the accident she was unconscious, and at the trial which took place several months later, she was paralyzed in her right side and had but little use of her vocal organs, and her mind and memory were bad. The injury was chiefly to her head. Owing to her defect in speech and loss of memory occasioned by the accident her testimony is of little or no value. For her it is contended that appellee Droste was driving at a very rapid rate along a street which, owing to the rain, was exceedingly slick, and at a point where there was a long, steep incline with which he was entirely familiar, having passed over it in a machine several times each day for many months before the accident, and which he knew was dangerous for fast driving. There is no evidence except that given by appellee Droste as to how the machine came to strike the iron post, but one witness for the plaintiff testified that the car was running very fast and suddenly

"swerved" across the street and ran against the post but he did not know the cause.

Droste related the circumstances in the following way:

"I left home about six-thirty that morning and it was raining pretty heavy; I saw the young lady going to work with an umbrella; I was starting to go to town to take Kinsler home; I had a slice of ham and some country eggs I was going to give him; I asked the young lady where she was going, and she said to 11th and Madison; I said 'ride in the car if you want to' so she wouldn't get wet. Going down the hill I got in the car track and the car commenced skidding and the car turned clear around and hit a pole; the door flew open and the car turned clear around.

"The machine started to skid half way down that grade and got into the street car track; I couldn't control it; it turned clean around, all at once."

The grounds relied upon for a reversal of the judgment are set out in brief of counsel for appellant as follows:

First—The verdict is not sustained by sufficient evidence.

Second—The verdict is contrary to the evidence.

Third—The verdict is contrary to law.

The third ground can not be considered for we have repeatedly held that "the verdict is contrary to law" is too indefinite and uncertain to bring to the attention of this court any specific error of the trial court. Civil Code, section 340; American Credit Indemnity Co. v. National Clothing Co., 122 S. W. 840; McLain v. Dibble & Co., 13 Bush 297; Jones v. Wocher, Richie v. Hanford, 90 Ky. 230.

The first and second grounds for new trial are in effect the same so far as this case is concerned.

If the jury had accepted the evidence of the witnesses of Miss Ortwein it would have returned a verdict for her, but the credibility of her chief witness Black was attacked by the defendant, and it was shown by several persons who were present at the automobile shortly after the accident that Black was not there or at least they did not see him, while he says he was the first person to arrive on the scene. There was evidence tending strongly to support the defendant Droste's contention that the injury of the plaintiff was the result of unavoidable accident.

He says he was driving at a very moderate rate of speed, keeping a lookout ahead and exercising every reasonable precaution for the safety of his guest. This the jury must have accepted as true or their verdict would have been for the young lady for whom no doubt they felt great sympathy in her helpless condition.

As the only question was one of fact which was submitted to the jury under proper instructions by the trial court, this court is not at liberty to set the verdict aside unless it be clearly and palpably against the weight of the evidence. American Beet Sugar Co. v. Turk-Wilson Grocery Co., 183 Ky. 351; Williams v. L. & N. R. R. Co., 183 Ky. 602; Terhune v. L. & N. R. R. Co., 184 Ky. 670.

We do not so find the verdict in this case. Wherefore the judgment is affirmed.