ANNA M. HEIDT, Appellant, v. THE PEOPLE'S MOTORBUS COMPANY OF ST. LOUIS, a Corporation, Respondent.*

**St. Louis Court of Appeals. Opinion filed May 4, 1926.**

1. **MOTORBUSES: Passenger Injured: Negligence: Res Ipsa Loquitor.** In an action for damages for personal injuries alleged to have been sustained by plaintiff while riding as a passenger on a motorbus, where the petition charged general negligence, plaintiff may not be denied the right to invoke the rule of *res ipsa loquitur* by showing some specific acts of negligence.

2. ———: ———: ———: **Skidding: Presumptions.** The skidding of an automobile or motorbus, while being driven along a wet street at the rate of eight or ten miles an hour, may happen with the most careful driver, and therefore cannot be presumed to be negligent.

3. ———: ———: ———: **General Negligence: Prima-facie Case: Evidence: Specific Act Shown Not Negligent: Effect.** In an action for damages for personal injuries alleged to have been sustained by plaintiff while riding as a passenger on a motorbus owned by defendant, where the petition charged general negligence and plaintiff, by showing the unusual happening of an extraordinary and unusual jerk or jolt of the car, made a prima-facie case entitling her to invoke the rule of *res ipsa loquitur*, but by going further and showing that the automobile skidded and hit the curb and swerved back, and that the skidding of the automobile was the cause of its hitting the curb, by thus showing the specific act which caused the jolting or jerking of the car, and there being no evidence in the case tending to show such specific act was negligent in any way, she failed to make a case for the consideration of the jury.

*Corpus Juris-Cyc. References: Carriers, 10 C. J., p. 1028, n. 97; p. 1029, n. 4; p. 1030, n. 8, New, 16.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Robert W. Hall,* Judge.

AFFIRMED AND REMANDED.

*Mark D. Eagleton* for appellant.

(1) The petition charged general negligence entitling plaintiff to a recovery under the *res ipsa loquitur* doctrine. Carlson v. Wells, 276 S. W. 26. (2) Under the *res ipsa loquitur* doctrine plaintiff was only required to show that she was injured while a passenger on the defendant's bus, operated as a common carrier for hire, as a result of an unusual happening, to-wit, the extraordinary and unusual jerk. When her evidence established these facts the plaintiff made a prima-facie case. Carlson v. Wells, 276 S. W. 26. (3) "The very nature of this presumption is such that it takes the question of the negligence of the defendant to the jury in all cases. . . . The judge cannot decide that he has done so, without trying a question of fact, passing upon the credibility of witnesses, and deciding that an affirmative proposition of fact has been proved." Brown v. Railroad, 256 Mo. 522.

*Carter, Nortoni & Jones, James E. Garstang* and *John M. Hadley* for respondent.

(1) Plaintiff having shown that she received her injury as a result of an unusual and extraordinary jerk of the bus, and shown, too, that such extraordinary jerk was caused by the skidding of the bus against the curb, she excluded from the case entirely the operation of the presumption involved in *res ipsa loquitur* by thus showing the fact that the unusual jerk was caused by the skidding of the bus, because the mere skidding of the bus not only does not imply negligence but shows no negligence under the law on the part of the defendant. The law is universal to this effect. Berry on Automobiles (4 Ed.), sec. 231, pp. 227, and 228; Barrett v. U. S. Railroad Adm., 194 N. W. 222; Orthwein v. Droste, 191 Ky. 17, 228 S. W. 1028; Burke v. Cook, — Mass. —, 141 N. E. 585; Kelleher v. Newburyport, 227 Mass. 462, 116 N. E. 806, L.

R. A. (1917) 710; Loftus v. Pelletier, 223 Mass. 63, 111 N. E. 712; Williams v. Holbrook, 216 Mass. 239, 103 N. E. 633; Philpot v. Fifth Avenue Coach Co., 142 App. Div. 811, 128 N. Y. Supp. 35; Rango v. Fennell, 168 N. Y. Supp. 646; Klein v. Beeten, 169 Wisc. 385, 172 N. W. 736, 5 A. L. R. 1237; Sullivan v. Lutz, — Wisc. —, 194 N. W. 25; Linden v. Miller, 172 Wisc. 20, 177 N. W. 909; Hennekes v. Beetz, 203 Mo. App. 63. (2) It is universal law that even in a case where the doctrine of *res ipsa loquitur*, or, in other words, the presumption of negligence, is available to the plaintiff, such presumption is actually dispelled and removed entirely from the case if the plaintiff goes into the matter and shows the facts concerning the cause of the injury, and such facts show the cause not to have been a negligent one. Price v. Met. Street Ry. Co., 220 Mo. 435; Cook v. Union Elec. L. and P. Co., 232 S. W. 248; Price v. Met. Street Ry. Co., 220 Mo. 435, 119 S. W. 932, 132 Am. St. Rep. 588; Cassady v. Street Ry. Co., 184 Mass. 156, 68 N. E. 10, 63 L. R. A. 258; Lyon v. Railway Co., 50 Mont. 532, 148 Pac. 386; Dentz v. Railway Co., 75 N. J. Law 893, 70 Atl. 164; Fitzgerald v. Goldstein, 56 Misc. Rep. 677; 107 N. Y. Supp. 614; Cook v. Newhall, 213 Mass. 392, 101 N. E. 72; McAnany v. Shipley, 189 Mo. App. 396. (3) The doctrine is illustrated by the holding of the courts in all of those cases where the plaintiff might otherwise utilize the presumption of negligence involved in the doctrine *res ipsa loquitur*, but precludes himself from the benefit of that presumption by charging specific acts of negligence in his petition. In such cases the court, with one accord, hold that if plaintiff charges specific acts of negligence he is not entitled to the benefit of the presumption at all, but must prove such specific acts, because by charging the acts which caused the injury he shows that he knows them. Orcutt v. Century Building Co., 201 Mo. 424; Roscoe v. Met. St. Ry. Co., 202 Mo. 576; McAnany v. Shipley, 189 Mo. App. 396; McGrath v. St. Louis Transit Co., 197 Mo. 97. Moreover, it is the law

that where the facts come in there is no room for presumptions. The only purpose of presumptions are to supply a vacuum of fact. Burge v. Railroad, 244 Mo. 76; Mukowik v. K. C., etc., Rd., 196 Mo. 550; Paul v. U. R. Co., 152 Mo. App. 577, same case, 160 Mo. App. 599; Volkers Products Co. v. U. R., 185 Mo. App. 310; Higgins v. Railroad, 197 Mo. 318; Tetwiler v. Railroad, 242 Mo. 178; Hite v. Met. Str. Ry. Co., 130 Mo. 132.

NIPPER, J.—This is an action for damages for personal injuries, alleged to have been sustained by plaintiff while riding as a passenger on a motorbus owned and operated by the defendant. Plaintiff was riding westward on said motorbus, on Delmar Boulevard, in the city of St. Louis. It was a rainy day and the streets were wet and slippery, and, from the evidence offered in her behalf, it appears that near the 5400 block on Delmar Boulevard the rear end of the motorbus skidded over against the curb. There was a severe jolt and jerk of the car which threw plaintiff out of her seat and injured her. The accident did not occur at a stopping point, but somewhere near the middle of the block, while the car was being operated at a rate of speed of about eight or ten miles an hour. The evidence offered on the part of the plaintiff showed an unusual and extraordinary jolt or jerk of the car when it skidded and struck the curb. She testified that the car skidded and swerved to the north. The rear of the car hit the curbing and swerved back, and threw her from her seat.

The evidence offered on the part of the defendant, consisting of the testimony of the motorman and conductor of the motorbus, was substantially the same as that of plaintiff with respect to how the accident happened. The motorman testified that the car suddenly skidded while traveling at the rate of eight or ten miles an hour on this wet, slippery street; that he did not attempt to put on any brakes immediately prior to the time it skidded, and that there was no act on his part, or failure to act, which caused the skidding; that there was no ex-

planation for it except that the street was wet and slippery at that time and place.

The petition alleged general negligence, charging that the motorbus in which the plaintiff was riding "did then and there suddenly, violently, and in a very extraordinary manner jerk, jar, and jolt, and thus and thereby cause the plaintiff to be thrown from her seat and to be injured." As shown by the petition, plaintiff sought to invoke the rule of *res ipsa loquitur*.

Defendant requested an instruction in the nature of a demurrer to the evidence, at the close of the plaintiff's case, and again at the close of the whole case. The instruction submitting plaintiff's case to the jury practically followed the language of the petition.

There was a verdict and judgment for the plaintiff.

The court sustained defendant's motion for a new trial on the ground that it should have given the instructions in the nature of demurrers requested by the defendant at the close of the case. The position of the respective parties on appeal may be stated as follows:

The plaintiff, who is appellant here, insists that the court erred in sustaining defendant's motion for a new trial on the ground above set forth, for the reason that plaintiff made a prima-facie case under the *res ipsa loquitur* doctrine when she showed that she was a passenger on defendant's motorbus, operated as a common carrier for hire, and was injured as the result of an unusual happening, to-wit, the extraordinary and unusual jerk; and that, having made such a prima-facie case, the question of defendant's liability was one for the jury to determine.

The contention of defendant, who is respondent here, is that plaintiff, having shown that she received her injury as the result of the unusual and extraordinary jerk, also showed that such extraordinary and unusual jerk or jolt of the motorbus was caused by the skidding of the bus against the curb, and that, when plaintiff showed that this was caused by the skidding of the bus, she excluded from the case the operation of the presump-

tion involved in *res ipsa loquitur*. It is insisted that the mere skidding of the bus did not imply negligence, and therefore the court was right in sustaining defendant's motion for new trial.

There is no question but what the petition in this case charges general negligence. Plaintiff was a passenger; defendant was a common carrier for hire; and plaintiff, by showing the unusual happening of an extraordinary and unusual jerk or jolt of the car, made a prima-facie case entitling her to invoke the rule of *res ipsa loquitur*. But plaintiff did not stop at making a prima-facie case. She went further, and showed that the automobile skidded and hit the curb, and swerved back, and that the skidding of the automobile was the cause of its hitting the curb. It is true that plaintiff may not be denied the right to invoke the rule of *res ipsa loquitur* by showing some specific acts of negligence. [Price v. Railway, 220.Mo. 435, 119 S. W. 932.] But in this case she showed specifically and exactly what caused the accident. Now the mere skidding of an automobile is not necessarily negligent, nor will negligence be presumed from the mere skidding without some fact or circumstance connected therewith from which negligence may be inferred. The skidding of an automobile or a motorbus, while being driven along a wet street at the rate of eight or ten miles an hour, may happen with the most careful driver, and therefore cannot be presumed to be negligent. [Philpot v. Fifth Avenue Coach Co. (N. Y.), 142 App. Div. 811; Loftus v. Pelletier, 223 Mass. 63; Ortwein v. Droste, 191 Ky. 17, 228 S. W. 1028; Linden v. Miller, 172 Wis. 20.

Plaintiff not only made a prima-facie case, but destroyed it in the making by showing what specific act caused the accident, and there is nothing in the evidence offered on the part of defendant that would aid her in reviving the prima-facie case which she had destroyed. If there had been any evidence offered on the part of plaintiff or defendant tending to show that the driver of the motorbus had improperly applied his brakes, or if

he had attempted to avoid striking another car, or some act of commission or omission on his part which may have tended to cause the car to skid, it would then be a question for the jury. [Lonergan v. American Railway Express Co. (Mass.), 144 N. E. 756.]

The plaintiff having shown the specific act which caused the jolting or jerking of the car, and there being no evidence in the case tending to show such specific act was negligent in any way, she failed to make a case for the consideration of the jury. [McAnany v. Shipley, 189 Mo. App. 396, 176 S. W. 1079; Cook v. Union Electric Light & Power Co. (Mo. App.), 232 S. W. 248.]

It follows that the court was right in granting a new trial for the reason stated. The judgment is, therefore, affirmed, and the cause remanded. *Daues, P. J.,* and *Becker, J.,* concur.