20428. GAILLARD *v.* THE STATE.

DECIDED MAY 14, 1930.

O. J. Franklin, D. D. Smith, for plaintiff in error.

M. H. Boyer, solicitor-general, J. H. Milner, contra.

BLOODWORTH, J. We will discuss only headnotes 1, 2, and 3.

██ . Special ground 1 of the motion for a new trial is based on the alleged newly discovered evidence of J. H. Faulk, who made an affidavit "that he saw Jim Cullen Dowdy and a man whom deponent took to be J. J. Lancaster, standing on the sidewalk near the bank and W. C. Ryall's store, in Rhine, Ga. Deponent says that he heard this man, who to the best of deponent's knowledge and belief was J. J. Lancaster, in conversation with Jim Cullen Dowdy, say, in substance, 'If I can see him or get my hands on him to-night, I'll fix him so he won't bother us or tell anything else.'" The only effect of this evidence would be to impeach Jim Cullen Dowdy, a witness for the State, who on the trial swore that he had seen Lancaster in town the day of the shooting, but had no conversation with him, but merely spoke as they passed each other; that he lived about 2-1/4 miles from Rhine; that he had left Rhine "right around an hour before the shooting occurred, and was at home when he was notified by Junior Conley of the shooting." The 2d special ground of the motion is also based upon alleged newly discovered evidence, the effect of which would be to impeach J. C. Hilliard, a witness for the State. This court has held that "Even 'though the witness sought to be impeached by newly discovered evidence was the only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness a new trial will not be granted.'" Burnett v. State, 36 Ga. App. 647 (137 S. E. 796), and cit.; Morgan v. State, 38 Ga. App. 686 (5) (145 S. E. 521); Tyre v. State, 38 Ga. App. 208 (f, k) (143 S. E. 778). The foregoing ruling disposes of special grounds 1 and 2 of the motion.

480

■ Special ground 3 of the motion for a new trial alleges that a new trial should be granted "because W. H. Beauchamp was not a fair and impartial juror and was incompetent to serve as a juror in the trial of said case, which disqualification was unknown to movant and his attorneys until after the trial of said case." To support this allegation the affidavit of J. H. Peacock is attached to this ground, in which he swore that he heard the juror talking to certain persons about the conviction of Gaillard, and that he heard him say in substance that "they (referring to the jury that tried defendant) decided that something would have to be done toward convicting in such cases in order to bring about a cessation or to stop so much killing at Rhine; that it seemed that they would kill down there and nothing would be done about it." The effect of sustaining this ground would be to allow a juror to impeach his own verdict. This is not allowable in Georgia. Civil Code (1910), § 5933. In *Southern Ry. Co.* v. *Sommer,* 112 *Ga.* 512 (37 S. E. 735), it was held that nothing coming from a juror, either directly or indirectly, in the way of a narrative with respect to the manner in which a verdict was arrived at, will be heard to impeach the same. In *Pope* v. *State,* 28 *Ga. App.* 568 (112 S. E. 169), it was held: "The court did not err in rejecting affidavits of some of the jurors that when the jury were considering their verdict the foreman of the jury stated to the other jurors that from what he had heard other persons say prior to the trial, he was satisfied of the guilt of the defendants and that he was willing to hold up his hand and swear to the jury that the defendants were guilty. 'As a matter of public policy a juror can not be heard to impeach his verdict, either by way of disclosing the incompetency or miscon- duct of his fellow jurors, or by showing his own misconduct or disqualification from any cause. Civil Code [of 1895], § 5338; *Hill* v. *State,* 91 *Ga.* 154 [16 S. E. 976]; *Coleman* v. *Slade,* 75 *Ga.* 63; *Dyson* v. *State,* 72 *Ga.* 206.' *Bowden* v. *State,* 126 *Ga.* 578 (1) (55 S. E. 499)." See *Bishop* v. *State,* 9 *Ga.* 121 (4); *Nelling* v. *Industrial Mfg. Co.,* 78 *Ga.* 260, 262.

■ Special ground 4 alleges error in the charge of the court. After quoting a long extract from the charge, containing several independent principles, the plaintiff in error, without alleging that any particular portion of the charge is erroneous, filed this quota- tion with the following ground of exception: "Movant avers that

such charge was erroneous and injurious to him because there was nothing in the case either from the defendant's statement or evidence of the witnesses to justify a charge of the law based upon the theory that mutual combat was involved. The court had already charged the principles of law covering justifiable homicide as embraced in sections 70 and 71 of the Penal Code. To follow these instructions by charging the principle of law as embraced in § 73 of the code was of necessity confusing to the jury and placed an undue burden on the defendant to satisfy the jury that there was an absolute necessity of killing the deceased, and charging said § 73 of the code necessarily had a tendency to destroy the effect of the instructions as already given as embodied in sections 70 and 71 of the code aforesaid." Since the charge as a whole is not erroneous or inapplicable to the issues presented by the evidence considered in its entirety, this ground of the motion is without merit. "Where long extracts from the charge of the court are excepted to, the plaintiff in error must specify what parts of them are erroneous or inapplicable. If this be not done, and some parts be applicable, a new trial will not be granted because of such charges." *Heinz* v. *Backus,* 34 *Ga. App.* 204 (3) (128 S. E. 915), and cit. See *White* v. *State,* 141 *Ga.* 526 (1, 1 *b*) (81 S. E. 440); *Anderson* v. *Southern Ry. Co.,* 107 *Ga.* 500 (4) (33 S. E. 644). Under the above ruling this court is not required to consider the charge to which exceptions are taken, except to determine whether the abstract propositions of law are applicable to the facts of the case. However, this court has carefully considered the several portions of the charge and finds that each of them presents correct propositions of law, and that each portion of the charge is authorized by the facts when the evidence is considered as a whole. *Tate* v. *State,* 46 *Ga.* 148; *Bailey* v. *State,* 148 *Ga.* 401 (96 S. E. 862).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*