## 22081, 22082.  Nashville, Chattanooga and Saint Louis Railway Company v. Patterson.

Stephens, J.  1. Where the suit of a wife to recover damages for pain and suffering alone resulting from personal injuries alleged to have been received by her as the result of the alleged negligence of the defendant railroad company, and the suit of the husband to recover damages for the loss of his wife's services, alleged to have been caused by the injuries to the wife, were tried together, and, although there was evidence adduced tending to establish the value of the wife's services to the husband and the extent of his loss of such services, yet where there was no evidence to authorize a recovery by her of damages other than compensation for her pain and suffering as a result of the alleged negligence of the defendant, it was not error for the court to instruct the jury as provided in section 4504 of the Civil Code of 1910, that "in some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors," and "that, pain and suffering not having any marketable value, the money compensation therefor, not being susceptible to mathematical computation, is the enlightened conscience of impartial jurors."  *Augusta & Summerville R. Co.* v. *Randall,* 85 *Ga.* 297 (8)  (11 S. E. 706); *Brunswick Light &c. Co.* v. *Gale,* 91 *Ga.* 813 (2)  (18 S. E. 11); *Linder* v. *Brown,* 137 *Ga.* 352 (7)  (73 S. E. 734).  Neither in the wife's case nor in that of the husband was that provision of section 4504 of the Civil Code of 1910 with reference to a consideration of the worldly circumstances of the parties applicable, and the court's failure to charge this provision was not error.  *Brunswick Light &c. Co.* v. *Gale,* supra.

2. In a suit for damages for loss of services, where the court instructed the jury that if the plaintiff was entitled to recover he should recover the reasonable value of the services, but did not specifically instruct the jury that they must ascertain such value from the evidence, the jury, nevertheless, presumably knew that they should look to the evidence for the ascertainment of the value of the services, and the charge therefore was not subject to the objection that, in its omission to instruct the jury that they should look to the evidence, it authorized them to resort to their own imagination, rather than to a consideration of the evidence, in determining the amount of damages for loss of services.

3. The court's instruction to the jury that if the plaintiff was entitled to recover, he should recover the reasonable value of the services, was not erroneous in failing to instruct as to the law relative to a reduction of the amount of the damages by reason of any contributory negligence attributable to the plaintiff, the court having elsewhere in the charge instructed the jury as to the law relative to a reduction of the amount of damages by reason of any contributory negligence which might be attributable to the plaintiff.

4. A charge which states a complete and correct proposition of law applicable to the case is not error because of not containing in immediate connection therewith another proposition of law.  *Peeples* v. *Rudulph,* 153 *Ga.* 17 (2)  (111 S. E. 548); *Herrington* v. *Herrington,* 42 *Ga. App.*

126 (6) (155 S. E. 51). In a suit for damages for loss of services, resulting from personal injuries, an instruction to the jury that if the plaintiff is entitled to recover and the injury is permanent, the plaintiff may recover damages resulting from the permanency of the injury, is not error in failing to instruct the jury as to the law with reference to the determination of the plaintiff's damages where the injury received was temporary only.

5. Newly discovered evidence which establishes the fact that on the trial a witness for the successful party testified falsely to facts essential to the successful party's right to a recovery is in its nature purely impeaching, and is not calculated to produce a different result, and does not demand the grant of a new trial and the setting aside of the verdict where another witness on the trial testified to the same facts, and the evidence, with the testimony of the alleged false witness eliminated, was sufficient to authorize the verdict found. *Wallace* v. *Tumlin*, 42 *Ga.* 462 (5); *O'Kelly* v. *Felker*, 71 *Ga.* 775 (2); *Hunt* v. *State*, 81 *Ga.* 140 (5) (7 S. E. 142); *Clark* v. *State*, 117 *Ga.* 254 (8) (43 S. E. 853); *Heath* v. *Clark*, 141 *Ga.* 65 (80 S. E. 288); *Smith* v. *State*, 148 *Ga.* 467 (3) (96 S. E. 1042); Wilson *v.* Keckley, 107 Va. 592 (59 S. E. 383). Where, upon the trial of a suit to recover damages for personal injuries alleged to have been caused by the negligence of the defendant railroad company by a sudden jerk of its train which caused a passenger to fall and be injured while in the act of alighting from a train, a witness delivered testimony concerning the alleged occurrence which was sufficient to authorize a finding that the injuries sustained were caused by the defendant's negligence, new evidence discovered after the trial and the rendition of the verdict for the plaintiff, to the effect that this witness was not present at the time of the occurrence testified to, but was at the time about three hundred miles away in another State, and that therefore his testimony, to the effect that he was present and witnessed the occurrence, was false, was purely impeaching in character, and was not testimony which upon another trial would likely produce a different result; and since upon the trial another witness had testified to substantially the same facts, this newly discovered evidence was not such as demands the grant of a new trial.

6. The verdicts, in the amounts of $2500 for the wife and $500 for the husband found for the plaintiffs, are authorized by the evidence, and, from the nature of the injuries as shown by the evidence, the verdicts do not appear to be the result of mistake or bias of the jury. No error of law appears, and the court did not err in overruling the motion for a new trial made in each case by the defendant.

*Judgments affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 23, 1932.

*James H. Anderson, J. M. C. Townsend, Fitzgerald Hall*, for plaintiff in error.

*McClure, Hale & McClure*, contra.