## 23777. LOUISVILLE AND NASHVILLE RAILROAD COMPANY *et al. v.* BEAN.

DECIDED MARCH 26, 1934. REHEARING DENIED APRIL 7, 1934.

*Hines & Carpenter, Cumming & Harper, Jones, Johnston, Russell & Sparks,* for plaintiff in error.

*Sibley & Allen,* contra.

SUTTON, J. Plaintiff was injured by reason of an automobile accident. She alleges in her petition that her injury was caused by the negligence of the defendants in maintaining at a public crossing a switch which caused a depression in the highway that was not easily seen, and which caused her to lose control of her automobile,

so that it became wrecked, injuring her. The defendants filed their answer and denied that they were negligent, denied that plaintiff ran into said switch and that this caused her automobile to wreck, and set up that plaintiff herself was negligent in operating her automobile at a rate of speed in excess of that provided by law, and failed to reduce her speed at the crossing, although the crossing and the switch were in plain view and she knew of the condition of the crossing and the switch. The jury returned a verdict for the plaintiff. The defendants' motion for new trial was overruled, and they excepted.

1. One of the witnesses for the plaintiff testified that there had been several accidents at the crossing where the plaintiff's accident occurred, "one in the same switch." The defendants objected to this evidence, upon the ground that evidence of other accidents happening there would have no bearing on the case and was irrelevant. The court admitted this testimony as being relevant. There was other evidence upon this subject, admitted without objection from the defendants.

(a) Ordinarily testimony of other occurrences is not admissible to show that the occurrence at issue happened. *Dunn* v. *Beck,* 144 *Ga.* 148 (86 S. E. 385); *Copeland* v. *Tyus,* 21 *Ga. App.* 485 (94 S. E. 633); *Hollomon* v. *Hopson,* 45 *Ga. App.* 762 (8) (166 S. E. 45). However, as in the instant case, evidence of similar accidents, given to illustrate the physical facts and that the conditions are the same or similar, is admissible for that purpose. See *Georgia Cotton-Oil Co.* v. *Jackson,* 112 *Ga.* 620 (37 S. E. 873); *City Council of Augusta* v. *Hafers,* 61 *Ga.* 48 (34 Am. R. 95).

(b) However, plaintiff alleged in her petition that other accidents had occurred at this crossing by reason of the defective switch. No general or special demurrer was filed thereto, and it was the right of the plaintiff to prove the allegations of her petition. *Lyle* v. *Prade,* 20 *Ga. App.* 374, 380 (6) (93 S. E. 20).

(c) Moreover, even if evidence as to the occurrence of other accidents at this same crossing, due to the same switch that plaintiff contends caused her injury, was inadmissible, yet the record discloses that other evidence to the same effect was admitted without objection by the defendants. In these circumstances, the admission of such evidence was not error requiring a new trial. *Malthews* v. *Richards,* 19 *Ga. App.* 489 (91 S. E. 914), and cit.; *Louisville &*

*Nashville R. Co.* v. *Lovelace,* 26 *Ga. App.* 286 (3) (106 S. E. 6).

2. The court charged the jury the law of this State with reference to the operation of motor-vehicles upon the public highways. The defendants contend that the court erred in not charging the jury in connection therewith that the operation of an automobile in violation of this law was negligence per se, that the plaintiff was as a matter of fact negligent per se in operating her automobile by not reducing her speed upon approaching the crossing where the accident happened. It is not a good ground of a motion for a new trial that the court, after giving one correct applicable principle of law in charge to the jury, failed to give in charge to the jury another correct principle of law. If the defendants desired further instructions from the court along this line, they should have duly requested the court to give them. *N., C. & St. L. Ry. Co.* v. *Patterson,* 45 *Ga. App.* 758 (4) (165 S. E. 897).

(*a*) The evidence does not show as a matter of law that the plaintiff was guilty of negligence per se in approaching this crossing. It authorized the jury to find that she had her automobile under control and was exercising ordinary care on approaching the crossing. Furthermore, under the facts of this case, it would be a question for the jury to determine whether or not such negligence per se, if plaintiff was guilty thereof, was the proximate cause of her injury. See *City Council of Augusta* v. *Brassell,* 48 *Ga. App.* 603 (173 S. E. 440).

3. The court refused to charge the jury, after being duly requested in writing by the plaintiff so to do, the following: "Upon approaching any bridge, railroad crossing, dam, sharp curve, dugway or descent, the operator of a motor-vehicle or motorcycle shall at all times have said vehicle under immediate control, and shall not operate said vehicle at a greater speed than ten miles per hour." This request was couched in the language of paragraph 2 of section 2 of the act of August 15, 1921. Ga. L. 1921, pp. 255, 256. The act of August 23, 1927 (Ga. L. 1927, p. 226), superseded and supplanted the above act of August 15, 1921, and the court did not err in refusing to give in charge a provision thereof. *Central of Ga. Ry. Co.* v. *Keating,* 45 *Ga. App.* 811 (5) (165 S. E. 873), 47 *Ga. App.* 336 (170 S. E. 709) ; *Seaboard Air-Line Ry. Co.* v. *Benton,* 43 *Ga. App.* 495, 501 (159 S. E. 717).

4. The defendants set out, as one of the special grounds of their

motion for new trial, a lengthy excerpt from the charge of the court, consisting of more than two pages of the record, and assign the same as error, upon various grounds. Ordinarily this court will not consider a lengthy excerpt from the charge of the court, containing some propositions of law which are correct and applicable, where there are several principles of law contained in the charge excepted to; nor the ground that one portion of the charge is contrary to another portion of the charge excepted to; particularly where the exception to the charge is in general terms and to the excerpt as a whole. *Anderson* v. *Southern Ry. Co.,* 107 *Ga.* 500 (4 *c*) (33 S. E. 644) ; *Johnson* v. *Leffler Co.,* 122 *Ga.* 670 (5) (50 S. E. 488) ; *McCord* v. *McCord,* 140 *Ga.* 170 (3) (78 S. E. 833) ; *Dawson Pecan Co.* v. *Montezuma Fertilizer Co.,* 19 *Ga. App.* 42 (6) (90 S. E. 984). The contention that there was no evidence as to the plaintiff's age is not well founded. Plaintiff testified before the jury on both direct and cross examination. The jury will be allowed to judge of the age, etc., of a witness or party by observation of the person in question. 22 C. J. 787, § 897, and cit. Therefore, the charge excepted to in this ground of the motion for a new trial is not erroneous because there was no evidence as to plaintiff's age on which the instructions could be based.

5. The defendants contend, in another special ground of their motion for a new trial, that the court erred in charging the jury, "Now, in the event you find that the plaintiff is entitled to recover, the law says that no rule of law can be laid down to estimate these damages except the wise principle that it is left to the enlightened conscience of upright and impartial jurors," by charging immediately thereafter, "Now, in the event you find any damages for the plaintiff as a result of any future pain or on account of any permanent disfigurement of her physical condition, the law says you will have to reduce that down to a cash basis, and the cash basis of any sum that you might find in the future is estimated by this principle of mathematics." The defendants contend that the instructions were error because the court in one breath charged the jury that the damages could not be estimated, but were left to the enlightened conscience of the jury, and in the next breath charged the jury the manner in which they should determine the cash value of these damages representing permanent injury; and further that such instructions were confusing and contradictory and did not set

out the true basis for determining the amount of damages for future pain and suffering. Plaintiff was only seeking to recover for pain and suffering, past, present, and future, and for permanent injuries by the way of disfigurement of her person. In these circumstances, there was no measure of damages applicable in this case, save that of the enlightened conscience of an impartial jury. It was improper, in this case, for the court to charge the jury the manner in which they should reduce to its present cash value, the damages as to any future pain and suffering, and the permanent injuries sustained by the plaintiff. However, the verdict being in favor of the plaintiff, "The charge complained of, with respect to the rule of reducing the gross amount of loss found by the jury, if any, to its present value, while inaccurate, was more beneficial to the defendant than to the plaintiff, and will not require a new trial." *Betts Co.* v. *Hancock,* 139 *Ga.* 198 (8) (77 S. E. 77). It follows that the remaining special grounds of the motion for a new trial, excepting to various portions of the charge of the court dealing with the subject of reducing the damages of the plaintiff to their present cash value, were inapplicable, and not proper, but do not require the grant of a new trial, being more beneficial to the defendants than they were entitled to.

6. The verdict in favor of the plaintiff for $3700 could have been easily arrived at under the evidence submitted, and there is nothing in the record to suggest bias or prejudice. In these circumstances the verdict will not be set aside as excessive. *Merchants &c. Trans. Co.* v. *Corcoran,* 4 *Ga. App.* 654 (62 S. E. 130); *W. & A. R. Co.* v. *Jarrett,* 22 *Ga. App.* 313 (96 S. E. 17).

7. This court will not set aside a verdict as not authorized by the evidence, where the evidence is conflicting, and where the jury, with the consent of both parties, have inspected the premises where the injury occurred to the plaintiff. *Mayor &c. of Milledgeville* v. *Brown,* 87 *Ga.* 596 (13 S. E. 638); *City of Atlanta* v. *Milam,* 95 *Ga.* 135 (22 S. E. 43); *A. & W. P. R. Co.* v. *Mims,* 122 *Ga.* 422 (50 S. E. 137).

8. It follows that the court did not err in overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*