ISABEL RODRÍGUEZ CRUZ, Plaintiff and Appellant, *v.* WHITE STAR BUS LINE, INC., Defendant and Appellee.

No. 7494. Argued April 1, 1938.—Decided February 15, 1939.

*F. Prieto Azuar*, for appellant; *C. Iriarte, F. Fernández Cuyar* and *H. González Blanes*, for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The complaint in this case alleges that on January 5, 1933, the complainant was travelling from San Juan to Santurce as a passenger, for pay of the corresponding fare, in the bus P–13, belonging to the defendant corporation; that while the

bus was going down San Justo Street, and when it was turning into Power Street, it stopped abruptly and its rear tires skidded causing the bus to hit an electric light post; that as a result of the collision the complainant was thrown against the other seat and received contusions which forced her to remain in bed in a clinic and later in her house for a month; that the vehicle was driven by the chauffeur David Camerón Martínez, who is an employee of the defendant and who was discharging the duties of his employment; and that the accident was caused by the negligence of the defendant and of its employee.

In the bill of particulars filed by the complainant it was alleged that the negligence of the defendant consisted in that the place over which the bus was running being a hill which was wet because it had been raining, the chauffeur went down the said hill at an excessive rate of speed and at the moment that the bus turned the corner of Power Street the chauffeur stopped abruptly, which caused the rear tires to skid and the bus to collide with the post.

Damages in the sum of $2,000 were claimed for the contusions received, expenses, loss of income from her work, and moral and physical pains and mental sufferings.

The defendant alleged that its employee had acted with due diligence; that the skidding could not be avoided notwithstanding the precautions taken by the employee; and that the accident was casual, unfortunate and inevitable.

The District Court of San Juan declared as proven that the cause of the accident was that the vehicle skidded when the rear tires went on the track which was higher than the paving stones and which was wet as a consequence of the rain, and that the chauffeur did not go down the street at an exaggerated velocity and that he did not stop abruptly. For these reasons it dismissed the complaint.

The complainant appealed and alleges the following errors:

That the lower court erred in deciding that the doctrine of *res ipsa loquitur* was not applicable to the present case, deciding that to rely on it the complainant-appellant should have abandoned her theory of specific acts of negligence thereby denying to said party the presumption and inference which arise from said doctrine in her favor. The pertinent part of the decision of the lower court states as follows:

". . . The complainant in her brief states that she does not base her case exclusively on the theory of negligence but that she also relies on the doctrine of *res ipsa loquitur*, that is 'the thing speaks for itself.'

"According to article 108 of the Law of Evidence (article 470, Code of Civil Procedure, 1933 ed.) the party who sustains the affirmative of a question should present evidence to prove it. In order to apply the rule of *res ipsa loquitur* it would have been sufficient for the complainant to prove prima facie the preliminary facts which would put her in a position to invoke the doctrine, notwithstanding the fact that she had specifically alleged negligence, or in other words, that she was a passenger on the bus; that said bus belonged to the defendant and was used in the service of the public; that the accident occurred; that she was then and there injured. *Villarán* v. *Loíza Sugar Co.*, 43 P.R.R. 580. (Opinion of Judges Wolf and Aldrey.) Then the defendant would have been forced to controvert the presumption on which the complainant relied, by proving that there was no negligence on her part. Article 100, Law of Evidence, *Kay* v. *Metropolitan Street Railway Co.*, 163 N.Y. 447, 57 N.E. 751, 8 Negligence Rep. 98. But as the complainant also presented the evidence that she had to prove the specific acts of negligence alleged, not abandoning her theory, and the defendant also presented evidence on the contrary, it is up to the court to decide if the allegations of the complaint have been proven, since the evidence should always refer to the allegations."

The appellant sustains that the lower court meant to say that it took into consideration only the evidence of the negligence, without taking into consideration the doctrine of *res ipsa loquitur*, since in the complaint specific allegations of negligence were made. To sustain her alleged error the

appellant cites principally the case of *Villarán* v. *Loíza Sugar Co.,* 43 P.R.R. 580, which in its applicable part states:

"There is a strong current of authority to the effect that despite averments of specific acts of negligence on the part of the defendant a plaintiff may still rely on the doctrine of *res ipsa loquitur*. Numerous authorities can be found to the contrary. We shall assume that the plaintiff had a right to raise the question of *res ipsa loquitur* and shall defer for a more appropriate case the rule to be adopted in this jurisdiction."

To sustain that the prevalent rule in California is that notwithstanding the fact that specific acts of negligence have been alleged, the complainant may invoke the doctrine of *res ipsa loquitur,* the appellant cites the case of *Seney* v. *Pickwick Stages Northern Division,* 255 P. 279, in which it was decided:

". . . The general rule is well settled that the overturning of a vehicle operated by a common carrier raises an inference of negligence under the doctrine of *res ipsa loquitur*. (Citations.) This doctrine still applies, even though there be specific, as well as general, allegations of negligence in the complaint. *Roberts,* v. *Sierra Ry. Co.,* 14 Cal. App. 180, 111 P. 519, 527. The allegation and proof of specific acts of negligence would not deprive plaintiff of the benefit of the doctrine of *res ipsa loquitur* so far as those specific acts of negligence were concerned."

The appellant appears to understand that the lower court was bound to give judgment on the complaint because this was a case in which the doctrine of *res ipsa loquitur* was applicable. In our opinion the doctrine cited authorizes but does not bind a court to deduce that there was negligence under the circumstances in which the accident occurred. The record does not sustain the contention of the appellant that the lower court ignored and refused to apply the doctrine of *res ipsa loquitur*. In his decision the judge merely expresses that for the purpose of applying the rule it would have been sufficient to prove the relation of carrier and passenger, the occurrence of the accident and the injuries of the complainant, notwithstanding the specific allegations of negligence;

and as the complainant also presented evidence of the specific acts of negligence alleged, without abandoning her theory in question, and that the defendant also presented its evidence to the contrary, it was the duty of the court to decide if the allegations of the complaint had been proven and if the complainant had the necessary preponderance of evidence to justify a decision in her favor. This decision is upheld by that of the Supreme Court of the United States in the case of *Sweeney* v. *Erving*, 228 U. S. 233, where it is stated:

"In our opinion, *res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. *Res ipsa loquitur*, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff."

From the opinion in the case of *Heidt* v. *People's Motorbus, Co.*, 284 S. W. 840, we copy as follows:

". . . Plaintiff was a passenger, defendant was a common carrier for hire, and plaintiff, by showing the unusual happening of an extraordinary and unusual jerk or jolt of the car, made a prima facie case entitling her to invoke the rule of *res ipsa loquitur*. But plaintiff did not stop at making a prima facie case. She went further, and showed that the automobile skidded and hit the curb, and swerved back, and that the skidding of the automobile was the cause of its hitting the curb. It is true that plaintiff may not be denied the right to invoke the rule of *res ipsa loquitur* by showing some specific acts of negligence. *Price* v. *Railway*, 220 Mo. 435, 119 S. W. 932, 132 Am. St. Rep. 588. But in this case she showed specifically and exactly what caused the accident. Now, the mere skidding of an automobile is not necessarily negligent, . . .

"Plaintiff not only made a prima facie case, but destroyed it in the making by showing what specific act caused the accident, and there is nothing in the evidence offered on the part of defendant that would aid her in reviving the prima facie case which she had destroyed."

The first alleged error was not committed.

It is alleged as the second error that the lower court concluded that the cause of the accident was the skidding of the vehicle when this was only a consequence of the proximate cause of the same, or that is, the negligence and carelessness of the driver of the vehicle. The applicable part of the decision reads as follows:

"The cause of the accident was that the vehicle skidded when the rear tires went over the rails of the tracks which were wet and there being in that place a small slope from north to south, that is, in the same direction in which the rails are, and due to the fact that a part of these are higher than the paving stones. The chauffeur did not go down San Justo Street at an exaggerated velocity, nor was he going on the track, nor did he stop the vehicle abruptly in turning into Power Street."

And further on he repeats again:

"The evidence clearly establishes the fact that the cause of the accident was the skidding. No act or omission whatsoever on the part of the defendant or its employee caused it. It is an established general rule that the mere fact that a motor vehicle skids is not of itself evidence of negligence unless it is shown that the chauffeur or driver was careless in operating the machine, or that he did something that a person of ordinary prudence would not have done under like circumstances. *De Jesús v. Allende,* 32 P.R.R. 407; see also *Linden v. Miller,* 172 Wis. 20, 177 N. W. 909; *Ortwein v. Droste,* 228 S. W. 1028; *Hennekes v. Beetz,* 217 S. W. 533."

In the case of *Linden v. Miller,* supra, it was decided:

". . . Skidding may occur without fault, and when it does occur it may likewise continue without fault for a considerable space and time. It means partial or complete loss of control of the car under circumstances not necessarily implying negligence. Hence plaintiff's claim that the doctrine of *res ipsa loquitur* applies to the present situation is not well founded. In order to make the doctrine of *res ipsa loquitur* apply, it must be held that skidding itself implies negligence. This it does not do. It is a well-known physical fact that cars may skid on greasy or slippery roads without fault either on account of the manner of handling the car or on account of its being there . . . As a rule in auto collisions the direct cause of the ac-

cident and the controlling circumstances attendant thereon are usually· not so within the control of a driver as to raise a presumption of negligence on his part. In other words, the doctrine of *res ipsa loquitur* does not usually apply to such accidents.''

The lower court reached its conclusions, supra, after considering and weighing all the evidence presented by both parties. The evidence is extremely contradictory. The witnesses of the complainant and the complainant herself testified that the bus was going very fast and that it did not skid, notwithstanding the fact that in its sworn complaint (paragraph 4) the complainant alleges that ''said bus, which was going at an exaggerated velocity, stopped abruptly and its rear tires skidded, causing the bus to collide with a post, etc.;'' and the witnesses of the defendant sustained that the bus was going at a moderate speed and that it skidded when the tires went on the wet rails. The court decided the conflict giving credit to the witnesses of the defendant and not to those of the complainant. And as it was not alleged, nor did it appear from the study we have made of the record, that the judge of the lower court acted influenced by passion, prejudice or partiality, or that he committed a manifest error in the weighing of the evidence, which in our opinion is sufficient to uphold the judgment appealed from, it is our duty to dismiss the second error.

As the third error the complainant-appellant alleges the fact that the lower court inferred that the chauffeur was careful and diligent from the facts testified to by witness J. M. Pérez.

Pérez testified that he saw the bus going down San Justo Street; that it had rained and that the pavement was slightly wet; that when the vehicle turned into Power Street it skidded; that the rear part slided and that the right hand side of the body hit a post; that as the curve is sharp and there are trolley tracks, the chauffeur had to reduce the velocity; that the vehicle was going very slowly, scarcely ten miles

per hour, having reduced from the original speed at which it was coming; that it skidded when the rear tires went on the tracks; that you cannot make the turn without crossing the track; that the chauffeur applied the brakes because besides reducing the velocity it automatically lit the stop light.

The appellant sustains that said testimony imputes negligence and carelessness on the part of the chauffeur and cites the case of *Tennessee Coach Co.* v. *Young,* 80 S. W. (2d) 107, which says: "It was the duty of the bus driver to operate the bus at such a rate of speed that he could stop without skidding, having regard to the slippery road, low visibility on account of rain, mist, etc." But the appellant did not copy the rest of the opinion, which says: "We must take that view of the testimony most favorable to the plaintiff, that is, that he was driving at the rate of from 35 to 50 miles per hour on a wet, slippery road, so known to him."

The present error refers to the weighing of the evidence made by the lower court. It is impossible to sustain that the testimony of the policeman Pérez imputes negligence and carelessness to the chauffeur.

The fourth error alleges that the lower court erred in believing the defendant-appellee's witness Severo Aybar, because from where the witness was standing he could not have seen the accident and because his testimony was contradicted by that of the policeman J. M. Pérez. It also refers to the weighing of the evidence by the lower court and the credibility of the witness. It is alleged that the lower court was partial in favor of the witness, who was an employee of said court, that is, sub-marshal.

The appellant assumes that as the witness was getting out of his car and he had one foot on the running board, he necessarily had his back turned to the place where the accident occurred. But the witness states clearly that the accident happened in front of him and describes it, and the

opinion of the court was that the witness saw the accident and that his testimony should be believed.

The only alleged contradiction between this testimony and that of the policeman Pérez refers to that part of the testimony in which the latter says that he did not see Severo Aybar in the bus after the accident. Even if we accept that the fact that Pérez did not see Aybar constitutes a contradiction, it would not be sufficient to force us to decide that the lower court erred in believing the testimony of Aybar.

The fifth error is based on the fact that the lower court in holding in its opinion that carriers are not absolute insurers of their passengers, described the amount of care which they are bound to take as "a high degree of care," instead of saying "highest" degree of care. The court said:

". . . It is a generally established rule that the mere fact that a motor vehicle skids is not of itself proof of negligence, unless it is shown that the chauffeur or conductor was careless in operating the machine, or that he carried out some act that a person of ordinary prudence would not have done under like circumstances. *De Jesús* v. *Allende*, 32 P.R.R. 407, (and other citations). And the circumstance that the complainant was a passenger does not change the rule. *For if it is true that public carriers should observe a high degree of care toward their passengers*, they are not insurers and they are liable when by act or omission they cause damage, having been negligent. Article 1803, Civil Code; 4 Blashfield Cyc. Automobile Law & Pr. 13, 1935 ed.; 10 C.J. 867." (Italics supplied.)

To uphold her contention the appellant cites the language used in different opinions:

"It has also been well said that when a passenger is injured without fault on his part, the law presumes negligence on the part of the carrier, because it was part of the undertaking to carry the passenger safely, and companies are held to the *strictest measure of accountability; . . .*" (Italics supplied). *Pérez* v. *The American Railroad Co. of P. R.*, 9 P.R.R. 196.

"A bus driver is a common carrier required to exercise the utmost care and diligence for the safety of his passengers." *Simmons* v. *Pacific Electric Ry. Co.*, 212 P. 637.

The alleged error is based only on the question of language. The following citation from 4 R.C.L. 1144, is applicable to the case:

"DEGREE OF CARE REQUIRED OF CARRIER.—GENERAL RULE.—What degree of care a carrier must observe for the safety of a passenger, to exonerate it from liability for injury, is a question of law, and the generally accepted rule on this point is to the effect that carriers of passengers are bound to exercise the highest degree of care, vigilance and precaution... The rule as to the degree of care required of carriers of passengers has been variously stated, some courts employing the word 'utmost,' others 'greatest', and still others 'extraordinary.' The difference in the statement, however, is merely a choice of words, and does not denote conflicting views."

In *Conroy* v. *Chicago, etc. R. Co.*, 70 N. W. 486, the court says: "A railroad company is required only to exercise ordinary care and prudence toward its passengers." In *West Memphis Packet Co.* v. *White*, 41 S. W. 583, the degree of care is stated as "the upmost degree of vigilance and diligence." In *Topeka City R. Co.* v. *Higgs*, 16 P. 667, as "all possible skill and care;" in *Kane* v. *Cicero & P. Electric R. Co.*, 100 Ill. App. 181, as "the highest degree of care;" in *Philadelphia City Pass. R. Co.* v. *Hassard*, 75 Pa. 367, as "reasonable care and diligence;" in *Maggioli* v. *St. Louis Transit Co.*, 83 S. W. 1026, as "a very high degree of care and diligence;" in *Spellman* v. *Lincoln Rapid Transit Co.*, 55 N. W. 270, as "the exercise of extraordinary care;" etc. And in 10 C. J. 867: "The driver of an automobile or a motor vehicle carrying passengers is bound to use at least reasonable and ordinary care for the protection of his passengers in driving the machine."

In the sixth error the appellant alleges that against the express provision of section 464 of the Code of Civil Procedure, 1933 ed., the court *a quo* did not take into consideration the legal presumption that the testimony of Victoria Calderón was voluntarily suppressed by the defendant-appellee and that it was, therefore, adverse to its contention.

We agree with the appellee in that the testimony of said Victoria Calderón would have been cumulative evidence not only as regard the manner in which the accident happened but also as regard the fact that the only two women who were travelling in the bus at the time of the accident were the complainant and the said Victoria Calderón.

The distinction made of the case of *People* v. *Saldaña,* 40 P.R.R. 557, by the appellant in regard to this particular, appears to us most subtle and, therefore, of very little effect in the decision of this allegation of error. At any rate, the alleged error involves nothing more or less than the credibility of the witnesses or the weighing of the evidence, which in the present case would not cause a reversal of the judgment. The sixth alleged error should therefore be dismissed.

The last error refers to the weighing of the evidence made by the lower court and to its decision of the conflict of the evidence in favor of the defendant, because according to the appellant the complainant's theory was established by the very evidence of the defendant.

Notwithstanding the alleged contradictions which the appellant points out in her extensive brief and which were probably taken into consideration by the judge, we are of the opinion that the conclusion reached by the lower court is entirely logical, or that is, that the proximate cause of the accident was the fact that the vehicle skidded and through no act or omission of the conductor, since as it was declared proven, the conductor did not drive his vehicle at an exaggerated speed, nor did he drive it on the tracks, nor did he stop abruptly.

It is true that there was a skidding, but this fact alone is not proof of negligence. As it was said in *Heidt* v. *People's Motor Bus Co.,* supra:

"Now, the mere skidding of an automobile is not necessarily negligent, nor will negligence be presumed from the mere skidding without some fact or circumstances connected therewith from which negligence may be inferred. The skidding of an automobile or a

motorbus, while being driven along a wet street at the rate of eight or ten miles an hour, may happen with the most careful driver, and therefore cannot be presumed to be negligent."

In *Peters* v. *United Electric Rys. Co.,* 165 A. 773:

"The fact that a motor vehicle skids on a highway which is slippery is not evidence in and of itself that the vehicle was negligently handled, nor does the fact of skidding call for the application of the doctrine of *res ipsa loquitur.* It is universally recognized that a motor vehicle may begin to skid and get beyond the control of the driver, although prior to the skidding the vehicle may have been operated with due and proper care."

For the above reasons and because we agree with the lower court in that this is a case of an inevitable accident, we are of the opinion that the judgment appealed from should be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.