## 46311. HOLLAND v. TOOTLE et al.

QUILLIAN, Judge. The appellant filed a claim against the appellees for damages which resulted from a collision between the appellant's automobile and one driven by appellee, Jane Tootle, and owned by her father Dr. Tootle.

The evidence was in conflict as to the circumstances under which the collision took place. The plaintiff testified: that the defendant, Jane Tootle, was driving between 60 and 70 miles per hour on a rainy, slick, narrow highway; that she lost control, fishtailed back and forth from the left shoulder to the right; that the automobile she was driving collided with the plaintiff's vehicle which was parked completely off the paved portion of the highway.

Defendant, Jane Tootle, testified: that she was driving approximately 50 to 55 miles per hour; she saw Mr. Holland's car and a little later she saw three cars approaching from the other direction in their lane of traffic and it appeared that she would meet these cars at a point on the roadway where plaintiff's car was illegally parked; it appeared that plaintiff's car was blocking her lane of traffic and that she could not safely pass between approaching vehicles and plaintiff's parked car so she slowed down so the other cars could come on by and then she applied her brakes, they locked and she slid or skidded off the roadway on the right-hand side of the road; she released the brakes and attempted to pull the car back to the roadway and get it under control prior to impact; she does not remember skidding sideways or fishtailing and did not go off on the left-hand side of the roadway or from one shoulder to the other; the Holland car was parked in such a way that the overhang of the right rear fender was in the road though the right rear wheel may have been off the pavement.

The jury returned a verdict for the defendants and an appeal was taken. *Held:*

1. Enumeration of error number 1 contends the trial judge erred in his instruction to the jury in regard to the preponderance of the evidence. The judge charged in part: ". . . if the jury is in doubt as to where the preponderance of evidence rested, the doubt should be solved in favor of the side that does not have to preponderate in the evidence." This charge was approved in *Richards v. Harpe,* 42 Ga. App. 123, 126 (155 SE 85).

2. The plaintiff argues that the trial judge should not have charged the jury that the burden was upon the plaintiff to prove that the skidding of the automobile driven by Jane Tootle was due to the negligent operation of the automobile. The charge was not error. "Plaintiff testified that as she approached the curve she took her foot from the accelerator, allowing the car to slow down and that it did slow down to some extent, but that when it hit the asphalt topping through which tar was bleeding it 'fishtailed' causing her to lose control, and that she 'didn't have time to do anything' before the collision occurred. 'It is common knowledge that a skidding automobile is very

difficult to accurately control,' Mink v. Brown, 276 Ala. 3, 6 (158 S2d 647), and 'mere skidding of a (vehicle) does not in and of itself necessarily constitute negligence,' Statler v. St. Louis Pub. Serv. Co., (Mo. App.) 300 S. W. 2d 831, 834, it being incumbent on the plaintiff to show that skidding was the result of the negligent operation of the automobile by the defendant. Matkevich v. Robertson, 403 Pa. 200 (168 A2d 91). See also Heidt v. People's Motorbus Co., 219 Mo. App. 683 (2) (284 SW 840); Williams v. Holbrook, 216 Mass. 239 (103 NE 633, 634); Martin v. Holway, 126 Conn. 700 (14 A2d 38); *S. C. Jones Co. v. Yawn,* 54 Ga. App. 826 (2) (188 SE 603); 1 Blashfield 680, § 749. 'It is common knowledge that an automobile may skid on a slippery highway without any negligence on the part of the operator.' Atlantic Greyhound Corp. v. Franklin, 301 Ky. 867, 871 (192 SW2d 753)." *Foy v. Edwards,* 118 Ga. App. 665, 666 (165 SE2d 176).

3. The seventh enumeration of error complains that the trial judge erred in failing to allow counsel for the plaintiff to question Jane Tootle as to what speed she would consider safe under the conditions that were present at the time of the collision. This ruling was harmless because plaintiff's counsel read to the jury the same question and the answer she had given in answer to the plaintiff's interrogatory.

4. The evidence though in conflict was sufficient to support the verdict.

5. The remaining enumerations of error are without merit.

*Judgment affirmed. Jordan, P. J., concurs. Evans, J., concurs specially.*

ARGUED JUNE 2, 1971— DEDIDED JULY 8, 1971.

*Hugh G. Head, Jr.,* for appellant.

*Webb, Fowler & Tanner, W. Howard Fowler,* for appellees.

EVANS, Judge, concurring specially. I concur specially in the judgment affirming the lower court, and do so reluctantly, because I feel there was error in the charge to the jury, but that under the very strict and stringent rules imposed by this court respecting such matters, appellant did not properly complain thereof. In

enumeration of error number 2 objection was, in my opinion, properly made to the charge of the court that, ". . . it is incumbent upon the plaintiff to show that skidding was the result of negligent operation of the automobile by the defendant, Jane Tootle," because this plaintiff did not contend that skidding was the result of negligent operation of the automobile by the defendant. I do not feel that plaintiff had any burden whatever in this case of showing that defendant's skidding was the result of her negligence, especially in that plaintiff specified the grounds of negligence relied upon in Paragraph 26 and subdivisions A, B, C, D and E of her petition and did not therein specify as a ground of negligence that defendant's car skidded because of defendant's negligence.

However, examination of the transcript discloses that the plaintiff objected to the entire charge on skidding including the correct charge that "an automobile may skid on a slippery highway without any negligence on the part of the operator." It was the defendant's contention that this caused her to skid, and this charge was proper.

Under the authorities cited in the majority opinion, the charge that an automobile may skid on a slippery highway without negligence on the part of the operator was authorized, but the court went further and placed upon the plaintiff the burden of proving such skidding was because of defendant's negligence, thus giving the jury the impression there could be no recovery by plaintiff unless he proved that defendant skidded because of negligence.

This court has held that in order to properly complain of a charge of the court, appellant's counsel must be very, very specific in his objections, and strictly comply with § 17 of the Appellate Practice Act of 1965, as amended (*Code Ann.* § 70-207; Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078), even to the extent of advising the court *what language should have been* charged to the jury. *Ga. Power Co. v. Maddox,* 113 Ga. App. 642 (149 SE2d 393). The writer set forth his objections to these stringent and almost-impossible rules in a dissenting opinion in the case of *Black v. Aultman,* 120 Ga. App. 826, 834 (172 SE2d 336). Nevertheless, I am bound by the combined wisdom and votes of my brethren on this court in these matters. Here the appellant

190

objected to too much of the charge and did not advise the trial court what should have been charged. Under the old rules of procedure he would not have properly specified error. See *Gaillard v. State*, 41 Ga. App. 478 (3) (153 SE 374); *Louisville & N. R. Co. v. Bean*, 49 Ga. App. 4, 7 (174 SE 209); *Griffin v. State*, 183 Ga. 775, 778 (190 SE 2). This court makes this the rule under the new procedure by its court decisions. I reiterate what my dissenting opinion said in *Black v. Aultman*, as to our rules being too stringent, with which learned and able counsel for the appellant herein finds it virtually impossible to comply.